McCAFFREY, Appellant, vs. WAGNER, Respondent..

*February 26 — March 22, 1892.*

*Contracts: Settlement of action: Withdrawal of promise.*

The parties to an action agreed upon terms of settlement,.to the effect
that the action should be discontinued and defendant should pay
the costs and expenses thereof, including the services of plaintiff's
attorney; and the defendant orally promised the attorney to pay
for his services.  During the same day, in the presence of all the
parties, and before anything had been done in execution of the
terms of such settlement, the defendant, on being informed of the
amount of the attorney's charges, withdrew his promise to pay
them, and so informed the attorney. The action has not been pros-
ecuted, but has not been discontinued and is liable to be brought to
trial at any time.  *Held,* that the defendant had the right to with-
draw his promise when he did, and that it thenceforth ceased to be
binding upon him. ·

APPEAL from the Circuit Court for *Marquette* County.
The facts are stated in the opinion.
*Geo. E. Sutherland,* for the appellant.
For the respondent the cause was submitted on the brief
of *John Barry* and *Thos. Armstrong, Jr.*

LYON, C. J.  This action is to recover for services of
plaintiff as an attorney, and he appeals from a judgment
of nonsuit.  Stated most strongly for plaintiff, the facts
are these:

One Luedtke lived with *Wagner,* the defendant, who was
his son-in-law.  They quarreled and separated.  Luedtke
was old and poor, and became a town charge.  Under the
advice of the supervisors of the town, Luedtke brought two
actions against defendant, one for personal injuries, the
other for wages.  Plaintiff is attorney for Luedtke in these
cases, which are still pending.  Afterwards the supervisors,
Luedtke, and the defendant agreed upon terms of settle-

McCaffrey vs. Wagner.

ment, to the effect that the suits should be discontinued and defendant should pay the costs and expenses thereof, including plaintiff's services. They then saw plaintiff, and told him the terms of the settlement. Defendant agreed orally to pay plaintiff for such services. During the same afternoon, in the presence of all those people, and before anything had been done in the execution of the terms of such settlement, the defendant, on being informed of the amount of plaintiff's charges for services, withdrew his promise to pay therefor, and so informed the plaintiff. The suits have not since been prosecuted, but no stipulation to discontinue them has been made, and they are liable to be brought to trial at any time. The above facts are undisputed, and the most of them were testified to by plaintiff himself.

The foregoing statement of facts indicates unmistakably how the case must be decided. During one and the same negotiation the defendant first promised to pay plaintiff for his services in the actions of Luedtke against him, and then before the negotiations were closed, before anything had been done by either party on the faith of such promise, and while the terms of settlement agreed upon by the supervisors, Luedtke, and the defendant, remained entirely executory, the defendant, for reasons satisfactory to himself, recanted his promise and informed the plaintiff that he would not pay him for such services. This ended the negotiations. Under these circumstances it is clear that it was competent for the defendant to withdraw his promise when he did so, and from thenceforth it ceased to be an obligation binding upon him. For these reasons the nonsuit was proper. It would have been error had the motion therefor been denied.

This view of the case renders immaterial all exceptions taken during the trial to the rulings of the court on objections to the admission of testimony, for had all the testimony offered by the plaintiff been received, and had it

proved all the plaintiff claimed it would prove, the result would be the same.

*By the Court.*— The judgment of the circuit court is affirmed.