FORMAN v. FORMAN.

(Superior Court of New York City, Special Term. June 25, 1893.)

MARRIAGE—ANNULMENT—INSANITY.
　　In New York, in order to maintain an action to annul a marriage on the ground that defendant is a lunatic, it must appear that such cause existed at the time of the marriage.

Action by Anna Forman against Frank Willis Forman to annul the marriage contract existing between the parties. Judgment for defendant.

Robert Goeller, for plaintiff.
William H. Clark, for defendant.

McADAM, J. In order to maintain an action to annul a marriage on the ground that the defendant was a lunatic, it must appear that such cause existed at the time of the marriage. Code, § 1743.[1] The law proceeds upon the ground that the party was in fact incapable of making such a contract for want of the proper understanding necessary to yield an intelligent assent to the obligation. The defendant seems to have had sufficient mental ability to comprehend the obligation and its function, for his wife cohabited with and had two children by him. Misfortune overtook him, and he is now confined in an asylum for the insane. The subsequent affliction furnishes no ground for divorce. The parties took each other for better or worse, to care for each other in sickness as well as health, and must perform this vow until death discharge the obligation. While the prospects of the wife are blighted by the misfortune, she must bear it with fortitude. A suit to annul a marriage is to rescind it as if the contract had never been entered into, and the aggrieved party must elect to rescind within a reasonable time after the grievance has been discovered. If, however, the party mentally sound continues to cohabit with the alleged lunatic, and has children by him, it proves

[1] Code Civil Proc. § 1743, provides that an action may be maintained to annul a marriage "for either of the following causes, existing at the time of the marriage: * * * (3) That one of the parties was an idiot or a lunatic."

one of two things: (1) That the party was not insane at the time; (2) or that the other party has elected to treat the contract as a valid and subsisting one. Either ground forms a complete answer to the application. In Ward v. Dulaney, 23 Miss. 410, it was observed:

"What degree of mental imbecility, what extent of intellectual aberration, will suffice to annul a contract of marriage, it is difficult to pronounce. Certainly, mere weakness of intellect, or even great eccentricity of conduct, unless it reaches a point that evinces inability to comprehend the subject-matter of the contract, will not suffice; and every principle of sound policy and humanity admonishes us that a contract so important in its social relations, and bearing so materially on the peace and happiness of families, should not be set aside upon slight grounds, or on less proof than would suffice to annul contracts less sacred and important in their nature."

Suppose the defendant should recover, (a thing possible,) and, on seeking his home, found his wife living with another man, to whom she had contracted another marriage under the license of the divorce court. What a commentary that would be on justice. The defendant's present condition almost precludes a trial, for a being in his state of mind can make no defense whatever. The policy of the law is to protect the weak and helpless, and for that reason courts exercise a zealous care over their interests. The court sympathizes with the plaintiff, but can furnish her no relief. Application for decree denied.