(43 App. Div. 39.)

### HALSTEAD v. VILLAGE OF WARSAW.

(Supreme Court, Appellate Division, Fourth Department. July 18, 1899.)

1. MUNICIPAL CORPORATIONS—OBSTRUCTION IN STREET—LIABILITY FOR DAMAGES—PROXIMATE CAUSE.

Where a village left a steam roller, used in repairing a principal street, on the side of the street for the night, leaving a space of about two rods for teams to pass, and a horse of ordinary gentleness, driven by plaintiff's husband, on passing the roller, suddenly shied, and became unmanageable by reason of the bit breaking, and plaintiff jumped from the buggy, and was injured, a nonsuit is error.

2. NEGLIGENCE—PROXIMATE CAUSE.

When injuries are the result of two proximate causes, the primary of which is attributable to the negligence of the defendant, and the secondary of which cannot be laid at the door of either party, the defendant is liable.

Appeal from special term, Wyoming county.

Action by Myrtle A. Halstead against the village of Warsaw to recover damages for injuries. From a judgment on a nonsuit, plaintiff appeals. Reversed.

The plaintiff was injured on the 14th of May, 1898. On the morning of that day, she, with her husband, went to the Erie station, in the village of Warsaw, leaving their horse and two-seated carriage in a barn near the station, and went away on the train. They returned to the depot at about 9 o'clock in the evening, and started towards home in their buggy. The authorities of the village of Warsaw had been using a steam roller to crush stone and flag, in leveling and improving the streets. The work had been carried on in the street leading to the Erie station, and, after the work was finished for the day, the roller was left by the side of the road, where it was standing as plaintiff's husband drove down the road leading from the business part of the village to the railroad station. This machine was about 20 feet long, 10 feet high, and 8 feet in width, with a smokestack and three rollers, was operated by steam in a horizontal boiler, and, at this time, was covered with a rubber blanket. The street was about three rods in width, and the roller left a space of about two rods for teams to pass. As the horse was opposite the roller, he suddenly shied, and veered off. The husband, who was driving, pulled up on him. The bit broke. The horse became unmanageable, and the husband told the plaintiff to jump, which she did, and he himself then got out at the rear of the buggy. The plaintiff was bruised and sprained by her fall. That morning the roller was in the street as the plaintiff and her husband, with two others, went towards the railroad station. The husband of the plaintiff and the ladies alighted from the wagon, and the plaintiff's brother drove the horse past the road machine. The horse shied a trifle, but exhibited no great fright. The horse was gentle, about 9 years of age, and the harness was new. The night the accident occurred was not dark. A nonsuit was granted at the close of plaintiff's case.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and NASH, JJ.

E. M. Bartlett, for appellant.
Michael S. Coleman, for respondent.

SPRING, J. The nonsuit was error. The street was intended for the public, and, while the municipal authorities necessarily were entitled to its use to improve and repair it, they must exercise that use in a way to insure the safety of travelers so far as compatible with the temporary interference of those intrusted with its care. When work upon the street is suspended for the day, if there is any obstruction to its unrestricted use, then that obstruction should be guarded so it is not a menace to the traveler. If there is an excavation in the street, it must be protected by lights or barricades to apprise the wayfarer of danger. The jury might well say this machine would tend to frighten horses, and, if so, it was incumbent upon those having it in charge to see it was removed from the street when the work was completed for the day. It was left in a narrow street, taking up one-third of its width. It was a place where horses going to and from the railroad station to the evening train must necessarily pass. In Eggleston v. Road Co., 82 N. Y. 278, a pile of stones had been placed by the side of the road, for use in repairing a bridge. Plaintiff's horse was frightened by these stones while crossing the bridge, and jumped from the bridge, injuring plaintiff and his wagon;

and the court of appeals held those facts justified a recovery against
defendant.    In Tinker v. Railroad Co., 71 Hun, 431, 24 N. Y. Supp.
977, the defendant put two sticks of timber, each about 10 feet in
length and 20 inches square, by the side of the road, about 10 feet
from the traveled portion.    The horse driven by plaintiff's hus-
band became alarmed at these logs, veered suddenly out of the road,
throwing plaintiff from the carriage, and inflicting injuries upon her.
A nonsuit was granted at the circuit, which was reversed by the
general term.    The court, in discussing the proposition, said:

"An object in a public street, which is of such a form or character that it is
calculated to frighten horses of ordinary gentleness, is an obstruction in the
nature of a nuisance, and any one who so places or maintains it is ordinarily
liable for the consequences likely to arise.  *  *  *  Whether or not the
timbers in question, by reason of their form and character, their situation near
the traveled part of the highway, and partially concealed in the ditch, were
calculated to frighten horses of ordinary gentleness, was, we think, a question
for the jury.    It was a matter of inference in regard to which there was
room for fair difference of opinion among intelligent men."

In Whitney v. Town of Ticonderoga, 127 N. Y. 40, 27 N. E. 403, the
horse of plaintiff was frightened by a road scraper in the highway,
and a recovery was sustained.    In the same line are Ring v. City of
Cohoes, 77 N. Y. 83; Mullen v. Village of Glens Falls, 11 App. Div.
275, 42 N. Y. Supp. 113; Wood, Nuis. § 295.    It therefore seems
quite well settled that, if objects are permitted to remain in the street,
which have a tendency to frighten horses of ordinary tractability,
the municipality will be chargeable with negligence.    Thomas, Neg.
778.    While there is no direct proof that this machine would scare
horses, yet the description of the machine, its dimensions, appear-
ance, and location in the street, coupled with the fact that this horse
shied as it passed by the roller that morning, in the presence of those
using it, made a question for the jury to determine.

It is urged the injuries to plaintiff were not the result of the fright
of the horse, but were due to the broken bit, and to her jumping
from the vehicle.    When the injuries are the result of two proxi-
mate causes, the primary of which is attributable to the negligence
of the defendant, and the secondary of which cannot be laid at the
door of either party, the municipality is liable.    Phillips v. Railroad
Co., 127 N. Y. 657, 27 N. E. 978; Ring v. City of Cohoes, 77 N. Y. 83;
Ivory v. Town of Deerpark, 116 N. Y. 476–486, 22 N. E. 1080.    The
plaintiff was in a perilous situation, and, if she did not exercise the
best of judgment in the emergency, it cannot be said, as matter of
law, no recovery can be had.    Bucher v. Railroad Co., 98 N. Y. 128.
McClain v. Railroad Co., 116 N. Y. 459, 22 N. E. 1062 ; Dyer v. Rail-
way Co., 71 N. Y. 228, 235.

The judgment is reversed, and a new trial ordered, with costs to the
appellant to abide the event.    All concur.