CARLON, Appellant, vs. TOWN OF GREENFIELD, Respondent.

*December 6, 1906—January 8, 1907.*

*Highways: Insufficiency: Personal injuries: Frightening horses: Reception of evidence: Appeal and error: Direction of verdict.*

1. In an action for injuries caused by a horse taking fright at material placed in a highway, the plaintiff is not prejudiced by the admission of evidence offered by defendant showing the purpose for which the material was placed in the highway, where the complaint alleged that it was so placed for use in repairing a culvert in the highway, although the answer did not allege it was placed there for that purpose.

2. In such case, were the complaint silent on the subject, such evidence would only be proper if the defendant had alleged such fact to show that the use of the highway for such deposit was within recognized exceptions to the general rule requiring highways to be kept free from obstructions tending to make them unsafe for public travel.

3. In an action for injuries caused by material deposited in a highway by a contractor engaged to repair a culvert, it appeared that the material consisted of boards, planks, barrels, and a mortar box with a coating of dry white material, placed on top of the other material so as to elevate it about three feet, all placed within about two feet of the traveled track. It also

Carlon v. Greenfield, 130 Wis. 342.

appeared that the material could readily have been placed
along the margin of the highway, near a fence, some twenty
feet distant from the traveled track. *Held*, that it was error to
direct a verdict for the defendant.

4. In such case the ruling was *held* unobjectionable so far as it re-
lated to the length of time.the material had been left in the
highway, the manner of piling the material, and the leaving of
it without a lantern or other signal to apprise travelers of its
presence and location in the road, but erroneous in that it did
not submit to the jury the question whether the box and other
material was unnecessarily dangerously near the traveled track
of the highway, making it defective for public travel.

APPEAL from a judgment of the circuit court for Sauk
county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Plaintiff brought an action to recover damages for injuries
to his person and property which he alleges were caused by
the negligence of the defendant. The defendant interposed
a general denial. The complaint alleges that the defendant
caused material used for the repair of culverts on the high-
way to be deposited in a negligent manner near the place of
the accident, that the damages sustained by him were attribu-
table thereto, and that he was without fault. The evidentiary
facts are that the plaintiff with his cousin, a young man,
drove over the highway at about 11:30 o'clock in the evening
of May 17, 1903. The highway runs east from the city
of Baraboo. They drove one horse hitched to a top buggy.
The horse seems to have been of a gentle disposition. They
drove over the road in the early part of the evening in going
to the city of Baraboo, and were returning over the road when
the accident occurred. A Mr. Lusby and his brother had been
engaged by the defendant town to repair culverts on this high-
way, and on the Friday preceding the accident they had de-
posited boards; barrels, and a mortar box in this road near a
culvert and next to the traveled portion of the road. The
mortar box was placed on top of the other material, all of
which lay somewhat irregularly. The box was about three
feet above the surface of the ground and about two feet from

the margin of the level embankment which formed the traveled track. The embankment at this point was about three feet high, from twenty-two to twenty-five feet wide, and level, so that it was fit for travel throughout its whole width. The place where the material was deposited was overgrown with weeds, which somewhat obscured it. There was no signal to give warning to travelers. The distance from the embankment to the north fence of the highway is said to be about twenty feet. This space is fairly level and passable with a vehicle loaded with such material as the Lusbys placed near the traveled track. When plaintiff approached the pile of material from the west over the culvert his horse shied, going toward the south, tipped the buggy, and thus broke parts of the buggy and harness and injured plaintiff. Upon all the evidence the court directed the jury to find a judgment for the defendant, and awarded judgment accordingly. This is an appeal from such judgment.

For the appellant there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *Evan A. Evans.*

For the respondent there was a brief by *Dithmar & Carow,* and oral argument by *J. W. Carow.*

SIEBECKER, J. The reception of defendant's evidence showing the purpose for which the material was placed in the highway at the point of accident was not erroneous under the pleading. The complaint alleges that the defendant town had placed this material at this place for the purpose of using it to repair the culverts in the highway. In view of this allegation, though the answer did not allege that it was placed there for this purpose, the plaintiff could not be prejudiced by the reception of evidence showing the same fact. Were the complaint silent on the subject, then such evidence would only be proper if defendant had alleged such fact to show that the use of the road for the deposit of such material was within the recognized exception to the general rule which requires that

the highway be kept free from obstructions tending to make it unsafe for public travel. This fact standing admitted in the complaint, there is no necessity for pleading it specially in defense. The plaintiff concedes that material used in repairing highways may be deposited in it, but avers that the municipal authorities must exercise reasonable care to avoid placing it in such a way as to make the highway dangerous to public travel. The court held, under the facts and circumstances adduced, that the material was properly in the highway, and was so located and deposited as not to constitute a defect. In respect to the length of time it was left in the road, the manner of piling the material, and leaving it without a lantern or other signal to apprise travelers of its presence and location in the road, the ruling was unobjectionable. In these respects the conduct of the town officers cannot be said to have been wanting in due care under the facts proven. But the main ground relied on by plaintiff to show defendant's liability is the alleged dangerous proximity of the material to the traveled track of the road. It is undisputed that the material deposited consisted of boards, planks, barrels, and a mortar box with a coating of dry white matter; that this box was placed on top of the other material so as to elevate it about three feet; that it was about two feet from the margin of the traveled track, and that it could readily have been placed along the margin of the road, near the fence, some twenty feet distant from the traveled track. It has been held that such an object within the limits of a highway may naturally tend to frighten horses of ordinary gentleness and thus render the highway an insufficient and defective one under the statute. *Foshay v. Glen Haven,* 25 Wis. 288; *Loberg v. Amherst,* 87 Wis. 634, 58 N. W. 1048; *Laird v. Otsego,* 90 Wis. 25, 62 N. W. 1042. The question, then, is whether the box and other material was unnecessarily dangerously near the traveled track of the highway, making it a defective one for public travel. True, the material was left in this place for

the purpose of repairing the culverts of the road; still, as above stated, in so depositing it the town officials and its agents were required to exercise reasonable care in selecting a place least calculated to frighten ordinarily gentle horses in the use of the road. Would ordinarily gentle horses be less likely to become frightened by this object had the material been placed near the north limits of the road, or would another locality in the immediate vicinity have been less dangerous in this respect? These questions are pertinent inquiries under plaintiff's claim. We are unable to say that the answer is so plain and obvious that it can be held, as matter of law, that the persons who deposited this material in the place designated exercised reasonable care for the safety of travelers carefully using the highway. Might the jury have found, under the facts adduced, that, if this material had been further removed from the traveled track, or had been deposited in another place within the limits of the highway in the immediate vicinity, it would not have been a dangerous object in the road, and that it was such an object where it was located? If so, then it must follow that the conduct of the agents of the town in improperly depositing this material in the highway made it dangerous to travel and rendered the road insufficient and defective in law. In view of these considerations these questions should have been submitted for determination to the jury. *Cairncross v. Pewaukee,* 78 Wis. 66, 47 N. W. 13; *Bloor v. Delafield,* 69 Wis. 273, 34 N. W. 115.

The facts bearing upon plaintiff's want of care do not sustain defendant's contention that he must be held guilty of contributory negligence as a matter of law. The facts and circumstances were such that his care or want of care was an inference upon which a jury should pass.

The exception urged to the court's ruling excluding the inquiry whether the town, in fact, rebuilt the culvert near the place where the accident occurred may not arise upon another

trial, but we are unable to perceive why the court excluded this evidence. Whether or not this material was left for the purpose of repairing this culvert could properly have been considered by the jury in connection with all the facts and circumstances in passing upon the issues involved.

*By the Court.*—Judgment reversed, and the cause remanded for a new trial.