## WALLACE v. VILLAGE OF CANANDAIGUA.

(Supreme Court, Trial Term, Ontario County. June 12, 1909.)

1. MUNICIPAL CORPORATIONS (§ 659*) — STREETS — MONUMENTS — ERECTION — "PURPRESTURE."

The erection of a suitable monument by a municipal corporation at a street intersection, so situated as not to interfere with the free and reasonable public use of the highway by the public, is not a "purpresture" or unlawful invasion of the public highway.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 659.*

For other definitions, see Words and Phrases, vol. 7, pp. 5867, 5868; vol. 8, p. 7776.]

2. MUNICIPAL CORPORATIONS (§ 659*)—HISTORICAL EVENTS—COMMEMORATION.

The passage of a street intersection by Gen. Sullivan and his army in 1779 was an historical incident proper to be commemorated by the erection of a monument at a street intersection.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 659.*]

3. MUNICIPAL CORPORATIONS (§ 821*)—STREET INTERSECTIONS—OBSTRUCTION— NEGLIGENCE OF CITY—QUESTION FOR JURY.

Where plaintiff was injured by his horse becoming frightened at a boulder erected by a private citizen with the consent of the village trustees at a street intersection to commemorate an historical event, and it appeared that the village trustees had been previously notified that horses ordinarily gentle and roadworthy had been frightened at the boulder, whether it was the duty of the board to remove the boulder or to guard it by trees and shrubbery was for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 821.*]

Action by John Henry Wallace against the Village of Canandaigua. Verdict for plaintiff for $2,000 for injuries sustained by his horse becoming frightened at a monument erected at a street intersection, and defendant moves for a new trial. Denied.

Horace W. Fitch and Royal R. Scott, for the motion.
John Colmey and Patrick H. Leahy, opposed.

SUTHERLAND, J. The trustees of the village of Canandaigua were requested by Dr. Burrell, the superintendent of the Brigham

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Hall Sanitarium in that village, to permit him to place a boulder at the intersection of Thad Chapin and Bristol streets, to be marked as a monument in commemoration of the march of Gen. Sullivan and his army through that region in the year 1779, and a resolution was passed granting Dr. Burrell the permission solicited, and a committee of the trustees was appointed to see to it that the proposed monument was suitably placed. Dr. Burrell, at his own expense, caused to be removed from a field near by a large boulder, measuring 4½ feet high and 9 feet 2 inches in length, to the triangular grass plat at the intersection of those streets, over which the beaten path made by carriages did not pass. The ground was leveled up, and trees and shrubbery set out upon this grass plat before the accident, and a plate was inserted in the boulder on which was inscribed:

"General John Sullivan and the Continental Army passed near this spot September 11 and 18, 1779. 1902."

The boulder was placed in its present position in March, 1902. On the 21st of April, 1903, the plaintiff was driving along Bristol street, and his horse became frightened at the boulder and ran away, and the plaintiff was injured. It was shown that numerous horses, ordinarily gentle and roadworthy, had been frightened at this boulder previous to the accident to the plaintiff, and that a written notice had been served upon the trustees of the village calling their attention to the facts.

The erection of a suitable monument by a municipal corporation in a public place, so situated as not to interfere with the free and reasonable use of the highway by the public, is not a purpresture or unlawful invasion of the public highway. Tompkins v. Hodgson, 2 Hun, 146. This boulder was not placed in the highway by the village of Canandaigua. It was done by a public-spirited gentleman at his own expense; but the village authorities formally consented to and approved of his plan, and for the purposes of this motion I have considered the placing of the boulder there as the act of the village board. But I apprehend there is a limit to the discretion which a village board may exercise in the appropriation of a portion of the highway for the placing of a monument.

The character of the historic incident commemorated by Dr. Burrell is such as to justify the village board in allowing a portion of the highway to be devoted to that purpose, and this boulder is not unlike those frequently used for marking the sites of historic events; but nevertheless, upon all the evidence, the question of fact was presented, it seems to me, whether the village board was not guilty of negligence in allowing the boulder to remain where it was placed, in view of the evidence as to the frequency with which horses, ordinarily gentle, were frightened when passing the boulder. The width of the street and all the surroundings are to be considered in determining this fact. The primary purpose of the highway is for passage to and fro; and while the erection of a monument at a suitable place and of a character not unnecessarily startling in appearance would not attach to the village any liability, yet if it appears that this boulder, placed where it was and looking as it did, amounted to an actual nuisance by rea

117 N.Y.S.—58

son of the frequency with which horses of gentle disposition were frightened at it, it would seem that the village board should have ordered its removal or protected the spot by more shrubbery or trees, so as to render the presence of the boulder no unnecessary menace. In other words, although the purpose of placing the boulder there was lawful, yet the village may be liable if reasonable precautions were not taken to protect the traveling public. Halstead v. Village of Warsaw, 43 App. Div. 39, 59 N. Y. Supp. 518. And although the trustees may not have been guilty of any negligence in giving their permission originally for the placing of the boulder there, yet, if the experience of the traveling public demonstrated that it was dangerous, and notice of that danger was brought home to the village board, a duty then arose to either remove the boulder or to so guard it by shrubbery as to reduce the danger.

The question of fact as to whether this boulder, situated as it was on the date of the accident, constituted a nuisance, was submitted to the jury and decided in favor of the plaintiff; and the evidence is sufficient that the trustees had notice of its condition before the accident and failed to adequately change the condition so as to protect the traveling public.

Accordingly, the motion for a new trial is denied, with $10 costs.