BERG, Respondent, vs. TOWN OF AUBURN, Appellant.

*October 7—October 26, 1909.*

*Highways: Injuries from defects: Deposit of materials for repair:
Frightening horses: Negligence: Evidence: Special verdict.*

1. Town authorities have the right to deposit material in the high-
   way at convenient and proper places for the purpose of repair-
   ing the same, in the exercise of ordinary care; but they have no
   right to so place such material as to render the highway dan-
   gerous to travelers, and permit it to remain an unreasonable
   time.

2. Findings in a special verdict to the effect that an iron pipe two
   and a half feet in diameter, twelve feet long, painted red, which
   the defendant town had placed about eight feet from the trav-
   eled track and permitted to remain there for eleven days, was
   an object likely to frighten horses of ordinary gentleness, and
   that defendant was negligent in allowing it to remain where
   it did, are *held* to be sustained by the evidence.

3. The findings above mentioned, together with findings that de-
   fendant's negligence was the proximate cause of plaintiff's in-
   jury, that plaintiff was not guilty of contributory negligence,
   and assessing his damages, are *held* sufficiently to have covered
   the material controverted issues, especially in the absence of
   any request for the submission of other questions.

APPEAL from a judgment of the circuit court for Chip-
pewa county: A. J. VINJE, Circuit Judge. *Affirmed.*

This is an appeal from a judgment recovered against the
defendant town in a personal injury action. The plaintiff's
horse shied at a piece of iron culvert pipe placed in a public
highway by authority of the town officers, and the plaintiff
was thrown from a buggy and injured. The jury returned
the following verdict:

"(1) Was the pipe in the position and condition it was
allowed to remain by the defendant an object likely to
frighten horses of ordinary gentleness driven along the high-
way? *A.* Yes.

"(2) Was the defendant guilty of any negligence in allow-

ing the pipe to remain in the position and condition it did remain? *A.* Yes.

"(3) If your answer to question 2 is 'Yes,' then was such negligence the proximate cause of the plaintiff's injury? *A.* Yes.

"(4) Was plaintiff guilty of any want of ordinary care that contributed to produce his injury? *A.* No.

"(5) If the court is of the opinion that plaintiff is entitled to recover, then in what sum do you assess his damages? *A.* $200."

At the close of the evidence on the part of the plaintiff the defendant moved for a nonsuit, which was denied. Motions were made by defendant to change the answers to question No. 2 from "Yes" to "No," and to question No. 4 from "No" to "Yes," and for judgment on the verdict as so amended, and also that the verdict be set aside and for a new trial, which motions were denied.

For the appellant there was a brief by *W. M. Bowe* and *D. E. Cook,* and oral argument by *Mr. Bowe.*

*Alexander Wiley,* for the respondent.

KERWIN, J. 1. Error is assigned because of the refusal of the court to grant defendant's motion for nonsuit and the refusal to amend the special verdict and order judgment for the defendant. This contention is based upon the idea that the pipe placed in the highway was not unlawfully there and was not of such a character as to amount to an obstruction or render the highway defective, and that the pipe having been placed upon the highway for the purpose of repairing a culvert therein it was lawfully there, hence there was no liability on the part of the town. The evidence shows that the highway in question ran east and west, and that the iron culvert pipe was two and one-half feet in diameter and about twelve feet long and painted red; that it lay about eight feet from the north wheel track, and that the road was about sixty feet wide; that on the south side of the road was considerable

brush, and the distance between the south wheel track and the south fence was over two rods. There was also a piece of pipe about nine feet long on the south side of the traveled track, which pipe lay in the brush pretty close to the fence and about one and one-half rods from the main traveled track. The pipe was of such a character that it frightened horses. It was allowed to remain in the highway eleven days. There was some brush thrown upon it which covered it as long as the leaves on the brush remained green, but after the leaves dried it looked worse than if it had not been covered at all. For about a week before the accident the pipe had only a little brush on it. The west end of the pipe was practically bare, the sun having dried the leaves and the wind taken off some of the brush.

It is plain from the evidence that the town authorities in covering the pipe with brush recognized the fact that a pipe of such size and painted red as it was and in such close proximity to the traveled track was calculated to frighten horses, and, upon the evidence showing the length of time it was permitted to remain in the condition it was after it became exposed, the jury were warranted in finding that it constituted a defect in the highway and negligence on the part of the town authorities in permitting it to remain. While it is doubtless true that the town authorities would have the right to place material in the highway at convenient and proper places for the purpose of repairing the same in the exercise of ordinary care, it is also true that they have no right to so place such material in such position as to render the highway dangerous to the traveling public and permit it to remain an unreasonable length of time in such position. *Foshay v. Glen Haven,* 25 Wis. 288; *Loberg v. Amherst,* 87 Wis. 634, 58 N. W. 1048; *Laird v. Otsego,* 90 Wis. 25, 62 N. W. 1042; *Carlon v. Greenfield,* 130 Wis. 342, 110 N. W. 208.

In *Carlon v. Greenfield, supra,* this court held that, where

material is deposited by the town authorities for the purpose of repairing culverts, the officers of the town are required to exercise reasonable care in selecting a place least calculated to frighten ordinarily gentle horses in the use of the road, and we think in the case at bar it was a question for the jury to determine whether the authorities of the town were negligent in depositing the pipe where they did and permitting it to remain for a period of about eleven days, during the last week of which time it was practically uncovered and in plain sight of horses traveling upon the highway. In *Halstead v. Warsaw,* 43 App. Div. 39, 59 N. Y. Supp. 518, it was held in a case where the authorities of the village had been using a steam roller to improve its street, that when the work upon the street was suspended for the day, if an obstruction to the unrestricted use of the highway, such obstruction should be guarded so as not to menace the traveling public; and it was further held that it was for the jury to say whether a steam roller left upon the highway would tend to frighten horses, and, if so, it was incumbent upon those having charge of it to have it removed from the street when the work was completed for the day. See, also, *Eggleston v. Columbia T. R. Co.* 82 N. Y. 278. In the case at bar the jury would have been justified in finding that the pipe deposited was of such character as to frighten horses of ordinary gentleness, and that the authorities of the town failed to exercise reasonable care in placing and maintaining such pipe as it was placed and maintained for a period of about eleven days before the accident.

2. Error is also assigned in the submission of a special verdict on the ground that the material controverted issues were not submitted. It appears from the record that no request for a special verdict or any questions, nor for instructions, was made by the defendant. The evidence was in conflict as to whether or not the pipe rested against the fence or was placed at a distance of about four feet from the fence.

It also appears that the space from the south side of the traveled track to the fence was a little over two rods, and that there was considerable brush on the south side covering a short piece of pipe placed on that side, being about one and one-half rods from the main traveled track. So we think on the facts in the case the controverted issues were sufficiently submitted to the jury, and especially so in the absence of any request on the part of the defendant for other questions. The main questions for the jury to determine were whether the pipe, in the position and condition in which it was allowed to remain, was an object likely to frighten horses of ordinary gentleness, and whether the defendant was guilty of negligence in allowing the pipe to remain in such condition and thereby render the highway defective. The answers to these questions in the affirmative upon sufficient evidence established the fact of the defective condition of the highway through the negligence of the defendant. *Carlon v. Greenfield,* 130 Wis. 342, 110 N. W. 208; *Tinker v. N. Y., O. & W. R. Co.* 71 Hun, 431, 24 N. Y. Supp. 977.

The defendant also excepted to the following instruction:

"You are instructed that the defendant had a right to store the pipe in the highway a reasonable length of time, providing it exercised ordinary care in so storing it;" and the further instruction: "In considering whether or not the defendant was guilty of any negligence in allowing the pipe to remain in the position and condition it did remain, you will consider, among other things, the position and condition of the pipe as shown by the evidence, also the length of time it was allowed to remain in the highway."

We see no objection to these instructions, and think they were in line with the law as laid down by this court. *Carlon v. Greenfield, supra; Lyon v. Grand Rapids,* 121 Wis. 609, 99 N. W. 311. We find no reversible error in the record, and think the case was fairly submitted to the jury; hence the judgment of the court below must be affirmed.

*By the Court.*—The judgment of the court below is affirmed.