STOEHR, Respondent, vs. TOWN OF RED SPRINGS, Appellant.

*November 11, 1927—April 3, 1928.*

*Highways: Liability for defective condition: Town highways receiving county aid: Failure of county to properly adopt road: Liability of town.*

1. The maintenance of highways being a governmental function, neither the county nor the town in which a highway is located is liable for damages resulting from the performance of such function in the absence of a statute imposing such liability. p. 402.

2. Under sec. 81.15, Stats., a town is not liable for damages resulting from the insufficiency or want of repair of a road located therein which has been adopted as a county road or which the county is required to keep in repair; but in the case of roads for which the county is not liable, the town is charged with liability. p. 402.

3. The county board cannot make a road a county highway without taking the steps prescribed by the statutes to make such

road a part of the system of prospective state highways; and where the county board attempted to change the location of a road constituting part of a prospective state highway system without securing the consent of the state highway commission as required by sub. (4), sec. 83.01, Stats., and there was no attempt to proceed under sec. 80.39 on petition, the road never became a county road nor a road which the county was "by law bound to keep in repair" within the meaning of sec. 81.15, as the law imposed no duty on the county to maintain any road unless part of a state trunk highway or a prospective state highway system.   pp. 403, 404.

4. The expenditure of county funds on the maintenance and repair of a town road relieved the town of that burden, imposed by law, but did not render the county liable for the insufficiency or want of repair of such highway, that liability still resting on the town.   p. 404.

APPEAL from a judgment of the circuit court for Shawano county: EDGAR V. WERNER, Circuit Judge.  *Affirmed.*

Action by *Mike Stoehr* to recover damages for injury to a cow caused by a defective highway.   From a judgment against the town of *Red Springs* the town appeals.

For the appellant there was a brief by *Winter & Winter* of Shawano, and oral argument by *P. J. Winter*.

For the respondent the cause was submitted on the brief of *Dillett & Fischer* of Shawano.

The following opinion was filed December 6, 1927:

STEVENS, J.    This appeal raises the single question whether it was the duty of the county or of the appellant town to maintain the highway here in question.

The county board adopted a resolution which changed the location of county trunk A in Shawano county so that the portion of the road where the cow was injured was made a part of that county trunk highway.   Sub. (4) of sec. 83.01 of the Statutes provides that the county clerk shall file with the state highway commission a copy of the county road map "showing the county systems of prospective state highways.   The county board may alter such systems with the consent of the state highway commission."

There was no direct proof that the highway commission had ever consented to this change in the location of county trunk A. The trial court found that the highway commission had not consented to such change and concluded that the road at the place of injury was still a town highway and that the town was liable to the plaintiff in damages.

The learned trial judge was in error in concluding that the county was not liable unless all statutory steps had been taken which are essential to make the highway in question a part of the system of prospective state highways.

Counties were given the power to establish county roads long before the present statute was passed providing for a system of state trunk highways and prospective state highways. Ever since the passage of ch. 46, Laws of 1872, counties have been liable for injuries sustained on roads that have been adopted as a part of a system of county highways. This provision was made a part of sec. 1339 of the Statutes by the revision of 1878, where it was provided that "if such damage shall happen by reason of the insufficiency or want of repairs of a bridge, sluiceway or road, which any county shall have adopted as a county road, and is by law bound to keep in repair, such county shall be liable therefor, and the claim for damages shall be against the county." That provision has remained in the statutes without change ever since the revision of 1878. It is now a part of sec. 81.15 of the Statutes.

When the legislature passed the statutes creating the present system of state trunk highways it did not take from the counties the power which they then possessed to establish county highways, nor did it relieve counties from liability for damages caused by their negligence in the maintenance of county highways.

Under existing statutory provisions counties have the power to determine that roads within their boundaries shall be county highways without the approval of the highway commission. It is only when they desire to make these

county highways a part of the system of prospective state highways that the consent of the highway commission is essential.

In the case at bar the county made the road in question a part of a county trunk highway. The county then took over the control and maintenance of the road. It patrolled the highway regularly and improved a portion of it with gravel at the expense of the county. The town had no control over the highway. The insufficiency or want of repair that caused the injury to the cow was caused by the failure of the county to properly maintain the highway. Under this state of facts, the county, not the town, was the governmental unit which is liable for the damages which are here in question.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.

On February 7, 1928, a motion by the respondent for a rehearing was granted. The following opinion was filed April 3, 1928:

STEVENS, J. (*on rehearing*). A motion for rehearing was granted and a careful study of the ever-changing statutes under which our Wisconsin system of highways has been developed has led the court to the conclusion that it was in error in its former decision in this case.

The maintenance of highways is a governmental function. Neither the county nor the town in which a highway is located is liable for damages resulting from the performance of a governmental function in the absence of some statutory enactment imposing such liability.

Sec. 81.15 of the Statutes imposes liability for damage resulting from the insufficiency or want of repair of any road upon the town in which the road is located, unless such insufficiency or want of repair be upon a road which has been "adopted as a county road" or upon a road which

the county "is by law bound to keep in repair." Under this statute, if the county is liable, the town is not. If the county is not liable, the town is.

The former decision was rendered in the belief that the statutes still vested in the county board the power to make a road a county highway without taking the steps prescribed by statute which are essential to make such highway a part of the system of prospective state highways. A re-study of the changes made in our highway statutes at each succeeding session of the legislature satisfies the court that it was in error in reaching that conclusion.

From the revision of the statutes in 1878 down to 1911, county boards were given plenary power, upon their own initiative, to adopt any main traveled highway as a county road. When roads were adopted as county highways, the statute imposed upon the county the duty of keeping such roads in good repair so long as they remained under the control of the county. Sec. 1308, Stats. 1898.

When the highway statutes were revised by ch. 337, Laws of 1911, sec. 1308 of the Statutes was repealed. In its place a statute was enacted which required counties to select and establish a system of prospective county highways. Sec. 1317m—3, Stats. 1911. Ever since the enactment of ch. 337, Laws of 1911, the statutes have required the consent of the state highway commission before any change proposed by a county board in either the system of prospective state highways or of prospective county highways became effective.

Here the county board attempted to change the location of a road which was a part of its prospective system of state highways, but failed to accomplish its purpose because it did not secure the consent of the state highway commission as required by sub. (4) of sec. 83.01 of the Statutes. There was no attempt to proceed under sec. 80.39 of the Statutes, which requires the filing of a petition as a prerequisite to action by the county board.

The road therefore never became a county road. Nor was it a road which the county was "by law bound to keep in repair." Sec. 81.15, Stats. At the time here in question the law imposed no duty upon the county to maintain any road unless it was a part of a state trunk highway (sub. (1), sec. 84.07) or of the system of prospective state highways (sub. (1), sec. 83.06).

From the earliest enactment of highway legislation down to the present time the care and supervision of all roads when in a town has been imposed upon the town in which they are located, as is now provided by sec. 81.01. See, also, sub. 9 of sec. 1317m—7, Stats. 1911. During all this time the statutes have given the county the right to expend money upon the repair of town highways without making them county highways or rendering the county liable for any injury caused by the insufficiency or want of repair of any such highway. It was expressly so provided by sec. 1308 of the Statutes of 1898.

The expenditure of county funds upon the maintenance and repair of the road here in question relieved the town of that burden, which the law imposes upon it, but did not render the county liable for the insufficiency or want of repair of these highways. That liability still rested upon the defendant town. It follows that the trial court properly awarded judgment against the town.

*By the Court.*—The mandate heretofore entered is vacated and set aside and the judgment affirmed.