JACK E. JOYCE, Assistant District Attorney Dunn County
You have asked my opinion regarding the effect of ch. 160, Laws of 1973, on the authority of county boards to incorporate town roads into the county trunk system pursuant to sec. 83.025, Stats.
As I understand it, the county administrator requested an opinion from your office as to whether the county board could incorporate (assuming highway commission approval) a town road into the county trunk highway system without approval of the town board. You were about to reply in the affirmative based on sec.83.025 (1), Stats.; Stoehr v. Red Springs (1928), 195 Wis. 399,216 N.W. 487; and 28 OAG 588 (1939), when ch. 160, Laws of 1973, was published. Chapter 160, Laws of 1973, effective January 31, 1974, amends sec. 83.025 (1) by adding the following language: *Page 126 
 "Whenever a county has completed a functional and jurisdictional classification of highways and such classification plan has been approved by the county board, the local governing bodies and the highway commission, those roads and streets allocated to the county's jurisdiction will be known as county trunk highways. Additions and deletions from such county trunks in the various municipalities may be made only by the county board with the consent of the commission."
Although "functional and jurisdictional classification of highways" is not defined in sec. 83.025 (1) nor anywhere else in the statutes, I am informed that it is the term for a standard procedure readily familiar to highway officials. As one would expect, it involves classifying the use of highways and then allocating responsibility for certain classes (or specific highways) to the most appropriate governmental unit.
In this context, you ask whether the legislature now intends that counties complete a "functional and jurisdictional classification" of highways and obtain the specified approvals prior to undertaking changes in the county trunk system. More precisely, is a fully approved classification plan now a condition precedent to a county board's exercise of its long-standing authority pursuant to sec. 83.025 (1), Stats.?
It is my opinion that ch. 160, Laws of 1973, does not impose a prerequisite to the exercise of authority given county boards by sec. 83.025 (1), Stats. Furthermore, I concur in your conclusion that sec. 83.025 (1) authorizes county boards to incorporate town roads into the county trunk system without town board approval.Stoehr, supra, and 28 OAG 588 (1939).
Section 83.025 (1), Stats., as amended by ch. 160, Laws of 1973, does not itself require counties to develop functional and jurisdictional classification plans. Nor does any other statute or regulation. Therefore, I read the "whenever" which starts the first sentence of the amendment to be synonymous with "if." Accordingly, developing such a classification plan is entirely optional.
Chapter 160, Laws of 1973, began its legislative odyssey as 1971 Assembly Bill 1209. It was reintroduced in the 1973 session as 1973 *Page 127 
Assembly Bill 816. Representative Mohn introduced the bill at the behest of the Department of Transportation. The Department of Transportation advises that the major impetus for the bill was the need for an acceptable means to alleviate the problems caused by the following language in sec. 83.025 (1), Stats.:
 ". . . All streets or highways in any city or village over which is routed a county trunk highway or forming connections through such city or village between portions of the county trunk highway system shall be a part of such system unless the governing body of the city or village, by resolution, removes such street or highway from the county trunk system, but such removal shall apply only to that portion of any street or highway which is situated wholly within the city or village . . . ."
This language authorizes cities and villages to unilaterally remove (assert jurisdiction over) segments of the county trunk system that lie within their jurisdiction. 29 OAG 23 (1940). The result of such removals has often been disjointed county trunk highways and confused jurisdictional responsibility.
Encouraging counties to develop functional and jurisdictional classification plans is one solution to the unilateral removal problem. Developing a plan provides a mechanism for the county and local governing bodies to agree upon an integrated highway system with clear-cut responsibility. If a plan is approved by the county board, local governing bodies, and the highway commission, then changes in the county trunk system (those highways allocated to the county's jurisdiction irrespective of political boundaries) can only be made by the county board with the consent of the highway commission. Cities and villages will have relinquished their unilateral removal authority.
RWW:CAB