Cairncross vs. The Village of Pewaukee.

CAIRNCROSS, Appellant, vs. THE VILLAGE OF PEWAUKEE, Respondent.

*October 18 — November 5, 1890.*

*Highways: Injury from unlawful obstruction: Notice: Pleading.*

1. In an action against a village to recover for injuries caused by a defect or obstruction in a public street, a complaint alleging that the defendant had knowingly and negligently authorized and permitted the street to be obstructed by a large steamboat resting on wheels and extending across nearly the entire width of the street; that such steamboat was an object calculated to frighten horses and endanger the lives and property of persons traveling on the street; and that it had remained in that position for twenty hours previous to the accident in question, which resulted from plaintiff's horse being frightened thereby,— is *held* sufficient on demurrer. Proof of the facts alleged would at least raise questions of fact for a jury as to whether the steamboat was unlawfully remaining in the street and was a dangerous obstruction.

2. A general allegation that the notice required by sec. 1339, R. S., was given within the required time is sufficient, without stating particularly the contents of such notice.

APPEAL from the Circuit Court for *Waukesha* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This is an appeal from an order sustaining a demurrer to the complaint. The action is brought to recover damages from the defendant village for an alleged defect or obstruction in Main street, one of the public streets of said village, which the plaintiff alleges caused damage to his horse and wagon while he was lawfully driving the same upon and along such public street. The material allegations of the complaint are as follows:

"That on or about the 26th day of April, A. D. 1889, the defendant, its agents, servants, and employees, knowingly, negligently, and carelessly authorized, allowed, and permitted Main street to be and become incumbered and ob-

structed by a large boat, to wit, a steamboat of the length of about forty feet, of the width of about ten feet, and of the height of from ten to fifteen feet, to be placed across and athwart said street and highway in a narrow and somewhat dangerous portion thereof, where the same extended along and by the side of Pewaukee lake; that said street at said point where said obstruction was so placed, allowed, and continued as aforesaid by the defendant, does not exceed forty-five feet in width inside the walks; that said boat rested upon wheels; that nearly the entire width of the street at said point where the steamboat obstructed the same was covered and occupied and rendered impassable to the citizens of said village and others; that said steamboat so negligently placed, permitted, and continued by the defendant, its servants and employees, wrongfully obstructed said street for the space of twenty hours prior to the injury and accident hereinafter set forth, without any proper protection or notice to citizens and travelers against accident; and that the same, so intentionally authorized, permitted, and sanctioned, was calculated to obstruct and incumber the street, to frighten teams, and to endanger the lives and property of persons traveling upon said streets."

The complaint then alleges that on the 26th of April the plaintiff was driving his horse and wagon on said street, unaware of the danger; and that without fault on his part said boat, so placed and remaining in said street, frightened his horse and rendered it unmanageable and caused it to run away; and that the horse dashed against a hitching-post in front of a store in said street, and thereby broke its leg and was rendered wholly worthless and of no value, and also destroyed and broke the plaintiff's wagon; and claims damages for the value of the horse and wagon in the sum of $250. The following are the allegations in the complaint in regard to the notice given by the plaintiff to the village of said accident and the cause thereof: " That the plaintiff

Cairncross vs. The Village of Pewaukee.

within ninety days after the happening of said accident causing such damage,— to wit, on or about the 30th day of May,— caused due notice in writing, signed by himself, to be given to the trustees of the village of *Pewaukee* concerning said damage, wherein he described the damage which had been done, and the obstruction, and demanded that the same should be allowed and paid by the said defendant, in accordance with the statute in such case made and provided; that said defendant declined and refused to pay said damage or any part thereof; and that the same has not been paid."

The defendant demurred to the complaint, alleging as the ground of the demurrer that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was sustained by the circuit court, and from the order sustaining the same the plaintiff appeals to this court. The particular ground for sustaining the demurrer does not appear from the record.

For the appellant there was a brief by *Williams, Friend & Bright,* and oral argument by *O. T. Williams.* To the point that the averment that plaintiff *duly* notified defendant of the injury is a sufficient allegation of legal notice, they cited *Kusterer v. Beaver Dam,* 52 Wis. 146; *Pine Valley v. Unity,* 40 id. 682; *Schroth v. Prescott,* 63 id. 655; *Frankfort Bank v. Countryman,* 11 id. 398; *Cutter v. Ainsworth,* 21 id. 381; *Wallace v. Crilley,* 46 id. 580; *Smith v. C. & N. W. R. Co.* 19 id. 326.

For the respondent there were briefs by *Parks & Robinson,* and oral argument by *Warham Parks.* They contended, *inter alia,* that the boat was being conveyed by means of a vehicle through the street, and had therefore a natural right to be in the street as much as would a load of hay, or a load of wood, or a sled load of boys. And while it might be conveyed along the street in such a manner, or stopped in the street in such a position, as to make it a nuisance, yet it

could not constitute an insufficiency or want of repair of the highway so as to make the village liable under sec. 1339, R. S. *Schultz v. Milwaukee*, 49 Wis. 254; *Hutchinson v. Concord*, 41 Vt. 271; *Pierce v. New Bedford*, 129 Mass. 534; *Barber v. Roxbury*, 11 Allen, 318. Nor is the village liable on the ground that it was a nuisance; since the duty to abate a nuisance is a police or public duty, and not a corporate one. *Schultz v. Milwaukee*, 49 Wis. 254; Dillon, Mun. Corp. sec. 773; *Little v. Madison*, 49 Wis. 605; *Robinson v. Rohr*, 73 id. 436. The allegation that due notice was given is not sufficient to show that such notice contained a statement of all the facts required to be stated therein by sec. 1339, R. S. *Dorsey v. Racine*, 60 Wis. 292.

TAYLOR, J. The learned counsel for the respondent, upon the argument in this court, insists that the demurrer was rightfully sustained upon two grounds: *First*, that the facts stated fail to show that there was any defect in the street such as would render the defendant liable for an injury resulting to a traveler therefrom; and, *second*, that the complaint does not sufficiently allege that notice was given to the village of the accident and the cause thereof, as required by the provision of sec. 1339, R. S.

We think the allegations of the complaint, if proved in their entirety, would at least present such a case as to make it the duty of the trial court to submit the question to the jury to determine whether the steamboat was unlawfully remaining in the street at the place mentioned when the plaintiff drove near or past it, and also whether its presence in the street was such an object as would naturally frighten horses passing by the same. It may be admitted, for the purpose of determining the sufficiency of the complaint in this case, that the steamboat mentioned in the complaint was on wheels for the purpose of being transported from one place to another along the highways and streets; that the owner of the boat had the right to so transport it along

such highways and streets; and that the village would not be liable to the plaintiff for any injury to his team and wagon resulting from the mere presence of such steamboat passing along such street.  There is, however, enough in the complaint which tends very strongly to show that, although the owner of the boat was transporting it on wheels along said street, and that he had the right to so transport the same, still at the time in question he had unnecessarily permitted the same to remain in the street stationary, in an improper and dangerous position, and for a much longer time than was reasonably necessary for the mere purpose of transporting the boat from one place to another along said street.  The facts stated are certainly sufficient to raise the question of an improper use of the street by the owner of the boat at the time in question.  The other allegations in the complaint are also sufficient to show that what the owner of the boat did in the street was known to and permitted by the defendant village, and therefore, if the boat was an obstruction to the street, the village would be liable for the damages resulting therefrom.

The purpose for which a thing is in the street must and does determine in many cases whether it is there rightfully or not.  Take the case of *Bloor v. Delafield*, 69 Wis. 273, where this court held that the mortar-box was an obstruction in a highway when placed within the way as a place of deposit temporarily; yet if such mortar-box had been placed on a wagon and carried along said highway for the purpose of being transported from one place to another in the usual way, it might have been equally an object in the way which would naturally frighten horses, but there can be no doubt that in such case it would have been rightfully in the way, and neither the owner nor the town would have been liable for an injury resulting from its being there.  So in the case of *Hughes v. Fond du Lac*, 73 Wis. 380, the street roller, if it had been in use on one of the streets of the city, or had been in process of transportation from one

Cairncross vs. The Village of Pewaukee.

part of the city to another, would have been lawfully on the street; and, though equally calculated to frighten teams passing, no injury resulting therefrom could have been charged to the city or to those in charge of it. The liability of a town or other municipality for permitting objects which are naturally calculated to frighten teams to remain within the limits of a highway arises out of the fact that they are permitted to be there for an unlawful purpose.

The allegations of the complaint in this case are clearly sufficient to raise at least a question of fact to be determined by the jury, that at the time in question this steamboat was unlawfully within the street in question. The questions raised in this case have been very ably discussed by the supreme court of New Hampshire in *Graves v. Shattuck*, 35 N. H. 257, and *Winship v. Enfield*, 42 N. H. 197, 217, and that court arrived at the same conclusion that this court did in the cases above cited and in the cases of *Foshay v. Glen Haven*, 25 Wis. 288; *Little v. Madison*, 42 Wis. 643; *Barstow v. Berlin*, 34 Wis. 357; and *Kearney v. C., M. & St. P. R. Co.* 47 Wis. 153.

The point raised as to the sufficiency of the notice, we think, is not well taken. A general allegation that the notice required by the statute was given within the required time is clearly sufficient. No injury can accrue to the defendant for want of a more particular statement as to the particulars of the notice. The notice itself, if given, must be in the possession of the defendant, and its sufficiency must be known to the defendant. It cannot be injured, therefore, by the fact that the form of the notice is not set out at length in the complaint.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded with direction to the circuit court to overrule the demurrer.

See note to this case in 10 L. R. A. 473.— REP.