JENSEN, Respondent, vs. TOWN OF OCONTO FALLS, Appellant.

*February 11—March 10, 1925.*

*Highways: Negligence of town: Leaving culvert pipe in highway: Horse taking fright and running away: Liability of town for negligence: Question for jury: Evidence: That object has frightened other animals: Non-prejudicial error.*

1. In an action against a town to recover for injuries sustained by plaintiff when his horse took fright at a culvert pipe near the road, testimony that a cow was frightened by the same pipe is not error, where the testimony came into the case inadvertently and without objection or a motion to strike out, and the jury was charged to disregard it.  p. 389.
2. Evidence that the same object which frightened plaintiff's horse frightened other animals is inadmissible as raising too many collateral issues.  p. 389.
3. Negligence in the performance of purely governmental functions by the officers of a municipality is not actionable, although the exemption creates no right to maintain a nuisance.  p. 391.

4. The common-law rule exempting towns from liability for injuries caused by defects in a highway is abrogated by sec. 81.15, Stats., imposing the duty to maintain highways in sufficient repair, such duty not being governmental or discretionary. p. 391.

5. The question as to the negligence of the town in leaving the culvert pipe, twenty-two feet long by twenty inches in diameter, beside a highway for eight days, is for the jury; and the answer in the verdict finding the town guilty of negligence is *held* supported by credible evidence. p. 391.

APPEAL from a judgment of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

*Irving Breakstone,* attorney, and *John B. Chase,* of counsel, both of Oconto, for the appellant.

For the respondent there was a brief by *Classon, Whitcomb & Kuzenski* of Oconto, and oral argument by *A. J. Whitcomb.*

JONES, J. This is an action for damages for injuries received from a fall which the plaintiff suffered when the horse which he was driving ran away with him. The horse shied at a piece of galvanized culvert pipe, twenty inches in diameter and twenty-two feet long, which had been placed beside the road by the chairman of the defendant town of *Oconto Falls.* Due to the fright thus caused, the horse suddenly wheeled about and ran away, and in so doing caused the plaintiff to be hurled from the carriage, causing the injuries complained of.

The culvert pipe in question had been rolled off a wagon at the side of the road near the place where it was to be laid. The pipe lay in a depression, with one end higher than the other, the higher end appearing above the grass. The pipe was placed in this position on May 30, 1923, and the injury to the plaintiff occurred on the morning of June 8, 1923, and the pipe was laid in the culvert on June 13, 1923. There was no dispute as to the fact that it was fright at the sight

of the culvert pipe which caused the horse to shy, and there was testimony by both parties on the question whether the horse was of ordinary gentleness. An important issue in the court below was whether the town of *Oconto Falls* was negligent in placing and leaving this pipe along the side of the road for such a length of time prior to the time when it was to be laid. By a special verdict the jury found that the pipe in the position and condition in which it was allowed to remain was an object likely to frighten horses of ordinary gentleness; that the horse of the plaintiff was one of ordinary gentleness; that the defendant was guilty of negligence in allowing the pipe to remain in its position and condition for the length of time it did so remain; that this was the proximate cause of the injury; that the plaintiff was guilty of no want of ordinary care that proximately contributed to produce the injury; that the damages amounted to $1,000.

The first assignment of error is based on the admission of the following testimony. One of the plaintiff's witnesses testified that he had seen the culvert pipe by the roadside, and the following questions were then asked by the plaintiff's counsel and answers made:

"*Q.* What attracted your attention to it? *A.* The first I paid any attention to it that I remember was when my cow getting scared when I passed there on Saturday night.

"*Q.* That was some time before this accident, some days before? *A.* Yes, it was. As I remember it, the east end of the culvert was high up on some willows lying in a slanting position. The culvert was tin colored or galvanized iron, and as I remember it had not been discolored any from its galvanized color."

On cross-examination the testimony was repeated. No objection was made to the testimony and no motion was made to strike it out. The court instructed the jury in substance that if there was any testimony showing that other horses or cattle had taken fright at this object or any other, they should give such testimony no consideration and dis-

regard it entirely. There is considerable conflict in the decisions in other jurisdictions as to the admissibility of evidence as to collateral facts of this nature. For example, there are many cases in which it has been held proper to show former accidents at the same place where the conditions remain the same. Such evidence has been received not only to show notice to the municipality but to prove the defect in the highway. It has been received on the theory that the experience of others under similar circumstances is independent evidence on the question at issue and that the frequency of accidents at the same place is some evidence of the condition of the highway. On the same general theory it has sometimes been held that evidence that an object has frightened other horses is relevant on the issue whether it was calculated to frighten the horse of the plaintiff in the case on trial. See notes in which many cases are collected: 20 L. R. A. N. s. 516, very elaborate note on the liability of municipal corporations for defects in streets; 13 L. R. A. N. s. 1244; 32 L. R. A. N. s. 1104.

It has been the uniform rule in this state to exclude evidence of this general character because it tends to raise too many collateral issues of which the municipality had no notice and to divert the attention of the jury from the main issue involved. If the facts relating to these collateral matters have been brought to the notice of the authorities another question is presented. *Phillips v. Willow,* 70 Wis. 6, 34 N. W. 731; *Richards v. Oshkosh,* 81 Wis. 226, 51 N. W. 256; *Barrett v. Hammond,* 87 Wis. 654, 58 N. W. 1053; *Bloor v. Delafield,* 69 Wis. 273, 34 N. W. 115. If plaintiff's counsel in this case had offered the testimony of the antics of the cow to prove that the highway was out of repair or that the culvert pipe was calculated to frighten horses, the evidence would have been clearly inadmissible. But the testimony was offered for no such purpose. Indeed, it was not offered at all, but came into the case inadvertently.

Since there was no objection, no motion to strike out, and it was excluded from the consideration of the jury by the charge of the court, it seems very clear that there was no error in admitting the evidence.

A large amount of evidence was given on the issue whether the horse was one of ordinary gentleness. She was an aged mare and the facts of her life history were given in much detail. According to some witnesses her character was good. According to others her habits were sometimes unreliable. The defendant's counsel called, among others, an expert witness and asked him a hypothetical question which omitted the virtues and recited only the failings of the venerable female, calling for the opinion of the witness as to whether she was ordinarily gentle. There was no error in excluding this testimony.

Counsel for the defendant have furnished us an able brief in which it is argued that the court should have granted judgment for the defendant because the officers of the town were engaged in a governmental function. It is contended that the culvert pipe was lawfully placed in the highway; that there were no structural defects, and that the pipe was deposited in the most convenient place and kept there only a reasonable time prior to the date of the accident. When the chairman of the town unloaded the culvert pipe it was placed near the fence, but, as he observed before leaving, it rolled down toward the road and was left in a tilted position for eight days, according to some of the testimony eight feet and according to other testimony eleven feet from the traveled track. Although there was testimony that the pipe was unloaded at the place most convenient for its installation, one of the road commissioners testified that he knew of no reason why it was delivered before it was to be installed; that it could have been stored at some other place and brought there the day it was put in. It has long been settled in this state that at common law travelers have no right against a town for injuries caused by insufficiency or

want of repair of highways, and the right to maintain such actions is purely statutory. It is equally well settled that negligence in the performance of a purely governmental function by the officers of a municipality is not actionable, although this exemption gives no right to maintain a nuisance. To support the view that in the present case the officers of the town were performing a governmental function in placing and leaving the culvert pipe in the highway, counsel cite cases of which the following are typical: *Apfelbacher v. State,* 160 Wis. 565, 152 N. W. 144; *Evans v. Sheboygan,* 153 Wis. 287, 141 N. W. 265. We do not regard these authorities as applicable to the case at bar. Sec. 81.15, Stats., abrogates the common-law rule exempting towns, cities, and villages from liability for injuries caused by defective highways. The duty of maintaining highways in sufficient repair is imposed by statute and is not discretionary or governmental in its nature.

Counsel for the defendant emphasize their claim that the culvert pipe was lawfully in the street or highway and rely on *Loberg v. Amherst,* 87 Wis. 634, 58 N. W. 1048, in which some stress was given to the fact that the object complained of was in the street for a lawful purpose. This was a case where an abutter on a highway used temporarily a portion of the street for the use of mortar boxes while plastering his house. They had been in the street less than two days. Under the facts it was held that the case was not one for submission to the jury, but it was recognized that if the use in such cases is unreasonably prolonged the question is for the jury. On the facts already stated as to the location of the pipe, its position, and the length of time which had elapsed, we consider that in this case the question was one for the jury and that their answer was supported by credible evidence. No elaborate discussion of this subject seems necessary in view of the comparatively recent decisions in which former cases are cited, and in one of which the facts were quite similar to those in the present case. *Berg v.*

*Auburn,* 140 Wis. 492, 122 N. W. 1041; *Carlon v. Green-field,* 130 Wis. 342, 110 N. W. 208.

The claim is made that the damages awarded are excessive. On this subject there was considerable testimony, including that of experts on both sides. It seems unnecessary to give in detail this evidence. We cannot say that the jury were not justified in believing the evidence on behalf of the plaintiff to the effect not only that he was caused much suffering and loss of time, but that serious permanent injuries were inflicted. If any credence was to be given to that evidence, the damages allowed were very moderate.

Evidently the case was vigorously defended on all the questions of fact involved. It was fairly submitted to the jury by the court, and in our opinion the verdict on all the issues was supported by credible·evidence.

*By the Court.*—Judgment affirmed.