DE BAERE, by guardian, Appellant, vs. TOWN OF OCONTO, Respondent.

*May 9—June 20, 1932.*

For the appellant there was a brief by *H. W. Krueger* of Oconto and *M. G. Eberlein* of Shawano, and oral argument by *Mr. Krueger*.

*John B. Chase* of Oconto, for the respondent.

FAIRCHILD, J.   The appellant cannot recover in this case of the respondent because of the negligence of the driver of the wagon if it was engaged in the care and maintenance of

highways as a governmental function at the time of the injury; or, unless as is claimed, that by the method of performing the work the town created a nuisance. The complaint alleges the town "knew the use of a load of gravel as a play-house for children was a dangerous trap, especially attractive to children." But there is no evidence of a defect in the highway for which the town could be held responsible, and the suggestion of an "attractive nuisance" being present is too attenuated to form a basis of liability on the part of the people of the town. The wagon was of usual construction such as is in every-day use and the method of its operation on the highway was that of the ordinary horse-drawn vehicle. *Bruhnke v. La Crosse,* 155 Wis. 485, 144 N. W. 1100; *Gensch v. Milwaukee,* 179 Wis. 95, 190 N. W. 843; *Bernstein v. Milwaukee,* 158 Wis. 576, 149 N. W. 382. The child was injured by falling from a load on which he had been permitted to ride by one working for a municipality engaged in a governmental function. The great weight of authority is to the effect that the rule of *respondeat superior* does not apply when a duty imposed upon a town by statute to be performed by its officers belongs to the public or governmental branch thereof. In the absence of statutory provision to the contrary, a town engaged in a governmental duty is not liable for injuries resulting from the negligence of the one engaged in the performance of such duty for the town. *Higgins v. Superior,* 134 Wis. 264, 114 N. W. 490; *Bruhnke v. La Crosse, supra; Erickson v. West Salem,* 205 Wis. 107, 236 N. W. 579.

The appellant contends that "the defendant town in this case was not performing a governmental function in repairing or maintaining a town highway and is therefore liable for the negligence of its employees or agents," and in support of this proposition cites *Jensen v. Oconto Falls,* 186

Wis. 386, 202 N. W. 676, wherein it is said: "The duty of maintaining highways in sufficient repair is imposed by statute and is not discretionary or governmental in its nature." This language is expressive of the principle of law to be applied to the facts there involved and is well calculated, considering the evidence in that case, to lead the mind to the conclusion there reached. It is not inconsistent with the generally accepted rule governing the cases of negligence arising in the discharge of a governmental duty. As was said in the opinion in *Erickson v. West Salem, supra*, with reference to that case: "Liability of the town was sustained on the ground that the highway was defective and that, as to defective highways, the common-law rule exempting towns, cities, and villages from liability has been abrogated by statute."

Sec. 81.15, Stats., provides that if any damage shall happen by reason of the insufficiency or want of repair of any road in any town, the person sustaining such damage shall have the right to sue for and recover the same against such town. This does not carry responsibility beyond the degree of the anticipation of danger resulting from the defective highway.

Recognizing the burden thus placed upon the town by this section and giving full accord thereto, the act of repairing a highway still remains a governmental function. The officers engaged in such work are representing the people of the state generally, are working in the interest of the general welfare, and the town in these matters is not, under the doctrine of *respondeat superior*, bound to respond in damages for the negligence of such officers. The distinction still exists between those powers of a municipal corporation which are governmental or political in their nature and those which are exercised in the management and improvement of municipal properties, and as to the first the municipality

is not liable for acts of those performing the task in the absence of a statutory imposition of liability. *Bernstein v. Milwaukee, supra; Erickson v. West Salem, supra;* 6 McQuillin, Mun. Corp. (2d ed.) § 2593; Tiedeman, Mun. Corp. § 333*a*.

*By the Court.*—Judgment affirmed.