LARSEN, Respondent, vs. KEWAUNEE COUNTY, Appellant.

*September 15—October 11, 1932.*

*L. W. Bruemmer,* district attorney of Kewaunee county, for the appellant.

For the respondent there was a brief by *Gittings, Janecky & Buelow,* attorneys, and *O. M. Edwards* of counsel, all of Racine, and oral argument by *Earl F. Buelow.*

NELSON, J. The sole question on this appeal is whether or not the plaintiff's amended complaint states facts sufficient to constitute a cause of action against Kewaunee county.

Kewaunee county contends that the complaint does not state a cause of action against it for the reason that liability for the insufficiency or want of repairs of a highway must be based upon sec. 81.15, Stats., and that under the facts alleged, and the statutory law of this state, it was not "by law bound to keep in repair" state highway 17 at the time of the accident.

In the view we take of this controversy a very narrow question is presented for decision.

Prior to the enactment of ch. 22 of the Laws of 1931, which chapter specifically repealed sec. 84.07, Stats., that section was in part as follows:

"84.07 *Counties to maintain trunk highways.* (1) Each county shall adequately maintain the portion of the trunk highway system lying within it, in accordance with the directions and regulations made for such maintenance by the highway commission. . . ."

That section was repealed by said ch. 22, and the following section was created as a substitute therefor:

"84.07 (1) The state trunk highway system shall be maintained by the state and all the expense of such main-

tenance shall be borne by the state. The state highway commission shall prescribe regulations and specifications for such maintenance. The commission may arrange with the county highway committee of any county to have the state trunk highways within such county maintained by the county forces. Such maintenance shall include such measures as shall be deemed necessary to keep the state trunk highways open for travel at all seasons, including the removal of snow from the highways and the prevention of snow drifts upon the highways.

"(2) When any county shall maintain the state trunk highways within such county, in compliance with the regulations of the state highway commission, the said commission shall pay the actual cost of such maintenance, including such reasonable allowance for the use of county machinery and overhead expense as shall be agreed upon in advance. Such payments shall be made upon presentation by the county clerk of a properly itemized and verified account by the county highway committee."

Maintenance of highways is a governmental function, and no liability of a town or county, based upon a failure properly to maintain a highway, exists in the absence of some statutory enactment imposing such liability. *Stoehr v. Red Springs,* 195 Wis. 399, 216 N. W. 487, 219 N. W. 98. Prior to the enactment of said ch. 22, as well as at the time of the accident, liability of a county for damages caused by a defective highway was and is imposed by sec. 81.15, Stats., which, so far as counties are concerned, provides as follows:

"But if such damage shall happen by reason of the insufficiency or want of repairs of a bridge, sluiceway or road which any county shall have adopted as a county road or is by law bound to keep in repair, such county shall be liable therefor and the claim for damages shall be against the county."

Liability of a county concededly must be based upon said sec. 81.15, which, so far as county liability is concerned, was unchanged by the 1931 legislature.

From the allegations of the complaint it clearly appears that state highway 17 is a state highway. The law is clear that it is the statutory duty of the state to maintain state highways. In the absence of the allegations that the county, for a valuable consideration, entered into an agreement or arrangement with the State Highway Commission of the state of Wisconsin to maintain and repair the state trunk highways within said county and acted under such agreement and assumed all responsibility for the maintenance and repairs of said highways, the complaint very clearly would not state a cause of action against Kewaunee county. The vital question, therefore, is whether Kewaunee county became "by law bound to keep in repair" state highways by entering into an agreement or arrangement with the State Highway Commission to maintain and repair them. Assuming, as is alleged in the complaint, that Kewaunee county entered into such agreement or arrangement with the State Highway Commission, was Kewaunee county thereafter "by law bound to keep in repair" the state highways within said county? We think not. Kewaunee county may have been "by contract bound" to maintain the state highways within its boundaries, but certainly it was not "by law bound" to do so. The expressions "by law bound" and "by contract bound" are certainly not synonymous. In fact "bound by law" is quite the antithesis of "bound by contract." *Barlow v. Teal,* 54 L. J. Q. B. 564. The allegations of the complaint, liberally and reasonably construed, go no farther than to allege that a contract or agreement between the State Highway Commission and Kewaunee county was entered into under which the county acted and assumed all responsibility for the maintenance and repairs of said highways located therein. This, as we view it, is not sufficient to show that the county was "by law bound" to maintain the highway in question.

Whether the 1931 legislature intended to abrogate the liability of a county. theretofore existing by virtue of sec. 81.15 for injuries resulting from insufficiency or want of repairs of a state highway, is not clear. Whether the failure of the legislature to amend sec. 81.15 so as to render a county liable for insufficiency or want of repairs of a state highway which it had by contract agreed to maintain and keep in repair, was due to inadvertence or oversight, we cannot say. Whether such failure was deliberate and intentional on the part of the legislature cannot with certainty be determined. By said ch. 22 the legislature did specifically provide that the state trunk highway system shall be maintained by the state and all the expenses of such maintenance shall be borne by the state. In specifically so providing the legislature may have intentionally failed to create a liability, or to provide for the bringing of an action for damages against the state, or the highway commission or a county, caused by a defective or insufficient state highway. It would hardly seem reasonable to place the liability for damages upon a county when the law placed the absolute duty of maintaining the state highways upon the state. It seems doubtful that the legislature would intentionally impose upon a county a liability for the failure of the state to perform its duty in maintaining state highways. In any event the intent of the legislature to create such liability cannot, under all of the circumstances, be spelled out of the laws with that degree of certainty which would justify this court in declaring such legislative intention.

A number of cases from other jurisdictions have been cited. We have carefully examined them and find them of little help in construing the language of secs. 84.07 and 81.15. No case has been called to our attention which involved a construction of a statute containing terms at all similar to the phrase "by law bound to keep in repair."

Unless it can be said that a county which has contracted with the State Highway Commission to maintain state trunk highways located within its borders is "by law bound to keep in repair" such highways, we do not see how a county can be held liable for damages caused by the insufficiency or want of repairs of a state highway which the state itself is clearly by law bound to maintain. Sound reason, it seems to us, does not permit such a construction. Due to the uncertainty as to the legislative intent, we cannot say that the legislature intended to place such liability upon counties.

For these reasons we think the demurrer of the defendant county was erroneously overruled.

*By the Court.*—Order reversed, with directions to enter an order sustaining the demurrer interposed by Kewaunee county to the plaintiff's complaint.