LICKERT, by guardian *ad litem,* Respondent, vs. HARP and others, Appellants: BROWN COUNTY and another, Interpleaded Defendants and Respondents.

*December 6, 1933—January 9, 1934.*

For the appellants the cause was submitted on the brief of *Bradford, Bradford & Derber* of Appleton.

For the respondent Lickert there was a brief by *Benton, Bosser & Tuttrup,* and oral argument by *A. W. Parnell,* all of Appleton.

For the respondents Brown County and London Guarantee & Accident Company Ltd. there was a brief by *North, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *F. N. Trowbridge.*

OWEN, J.   This action was brought by Ethel Lickert, a minor, to recover damages sustained by her in an automobile accident while she was riding as a passenger in an automobile driven by her father, Frank A. Lickert.   The jury found negligence on the part of the defendants August Harp and William Van Dyck Coal Company.   This finding is not challenged upon this appeal.   The only feature of the judgment rendered of which complaint is made so far as plaintiff is concerned, is the amount of the damages awarded to the plaintiff.   We do not deem it necessary to deal at length with this question.   Suffice it to say that it has received consideration, and we are not disposed to disturb the judgment on the ground of excessive damages.

The principal assignment of error on the part of the appellants arises from that feature of the judgment which dismisses the complaint against Brown County and its insurance carrier and denies the defendants a judgment for contribution against the interpleaded defendants above named. It is claimed on the part of the principal defendants that concurring negligence on the part of Brown County and its employees in the unlawful parking of a truck contributed to the accident, and that the principal defendants should have contribution against the county.   The county maintains (1) that the truck in question and its employees were engaged in the prosecution of a governmental function, for which reason no liability is incurred by Brown County; and (2)

that, whether it was or was not engaged in a governmental function, the truck in question was not unlawfully parked, and that there was no negligence on the part of Brown County in any event.

The truck was being used by the employees of Brown County in the repair and maintenance of a highway. The truck was parked at the place in question while the employees were cutting grass and weeds along the highway. The cutting of grass and weeds along a highway is required as a feature of the maintenance of state trunk highways by sec. 84.07, Stats., and it seems clear that, while so engaged, the employees of Brown County were in the repair of the highway.

It is not seriously questioned by the appellants that the repair and maintenance of highways constitute a governmental function. That it does constitute a governmental function is well established. *Stoehr v. Town of Red Springs,* 195 Wis. 399, 216 N. W. 487, 219 N. W. 98; *De Baere v. Town of Oconto,* 208 Wis. 377, 243 N. W. 221; *Larsen v. Kewaunee County,* 209 Wis. 204, 244 N. W. 578. However, it is claimed that in this instance the county was discharging this duty pursuant to an arrangement with the state highway commission under the provisions of sec. 84.07, which provides:

"(1) The state trunk highway system shall be maintained by the state and all the expense of such maintenance shall be borne by the state. The state highway commission shall prescribe regulations and specifications for such maintenance. The commission may arrange with the county highway committee of any county to have the state trunk highways within such county maintained by the county forces. Such maintenance shall include such measures as shall be deemed necessary to keep the state trunk highways open for travel at all seasons, including the removal of snow from the highways and the prevention of snow drifts upon the highways.

"(2) When any county shall maintain the state trunk highways within such county, in compliance with the regula-

tions of the state highway commission, the said commission shall pay the actual cost of such maintenance, including such reasonable allowance for the use of county machinery and overhead expense as shall be agreed upon in advance. Such payments shall be made upon presentation by the county clerk of a properly itemized and verified account by the county highway committee."

It is claimed by appellants that its arrangement with the state highway commission under the provisions of this section in effect constitutes the county an independent contractor, and that in the prosecution of the work it was acting in its proprietary and not in its governmental capacity.

Highways have been traditionally maintained in this state by local units of government. Prior to the establishment of a state highway system they were generally maintained by towns. After the establishment of such system, certain highways known as state trunk highways or county trunk highways were placed under the maintenance of the county. Ch. 22 of the Laws of 1931 introduced the provisions of sec. 84.07 above quoted. It is apparent that the purpose of these provisions was to give to the state highway commission a broader authority and a closer supervision over the maintenance of highways when the moneys for such maintenance came from the state treasury. While it is probable that under the statutory provisions under consideration the county is under no positive obligation to assume the maintenance of such highways, and probably may decline to enter into arrangements with the state highway commission, nevertheless we think it is the plain contemplation of the law that the counties will act in harmony through their county highway committees with the state highway commission and enter into the arrangements provided by this statute. Certainly the county will be in no position to make a profit upon the transaction. As already stated, the purpose of the law is, evidently, not to convert the maintenance of highways from a governmental function on the part of

a county to a proprietary or profit-making enterprise. The state of Michigan has had occasion to consider a very similar statute in *Johnson v. Board of County Road Comm'rs,* 253 Mich. 465, 235 N. W. 221, in which the same conclusion was reached. We hold that the county was in the discharge of a governmental function in the use it was making of the truck at the time of the accident, and, under well-established law, incurred no liability even though its agents and servants were negligent in parking the truck as and when they did.

However, an examination of the evidence leads to the further conclusion that the truck was not unlawfully parked. The provision of law relied upon to establish an unlawful parking of the truck is sec. 85.19, Stats., which prohibits the parking of a vehicle on a highway "unless a clear and unobstructed width of no less than fifteen feet upon the roadway of such highway opposite such standing vehicle shall be left for the free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of two hundred feet in each direction along such highway." In appellants' brief we find this statement: "The evidence as to the amount of clearance left by the parked truck is conflicting, but there is ample to sustain a jury verdict that there was less than fifteen feet." We are cited to no testimony in the record to sustain this statement. There is abundant testimony that after the truck was parked there was a clearance of more than fifteen feet, as required by the statute, and that a clear view could be obtained of such truck from a distance of 200 feet in each direction along such highway. From this it appears that even though the truck and those in charge of it were not in the performance of a governmental function, they violated no law and were guilty of no act of negligence.

*By the Court.*—Judgment affirmed.