CROWLEY, Appellant, vs. CLARK COUNTY, imp., Respondent.

*April 29—September 10, 1935.*

For the appellant the cause was submitted on the brief of *Bundy, Beach & Holland* of Eau Claire.

For the respondent there was a brief by *John M. Peterson,* district attorney of Clark county, and *Hugh G. Haight* of Neillsville, and oral argument by *Mr. Haight.*

The following opinion was filed June 4, 1935:

NELSON, J.   It is earnestly contended on behalf of the plaintiff that the trial court erred in sustaining the demurrer interposed by Clark county.   It is argued that the operation of the grader upon the highway after dark without its carrying "at least two red signal lanterns or lights" unnecessarily obstructed the highway and constituted a nuisance for which the county should respond in damages for all injuries caused thereby.   It is sought to uphold the sufficiency of the complaint under such cases as *Little v. Madison,* 42 Wis. 643; *Hughes v. Fond du Lac,* 73 Wis. 380, 41 N. W. 407; *Cairncross v. Pewaukee,* 78 Wis. 66, 47 N. W. 13; and *Jensen v. Oconto Falls,* 186 Wis. 386, 202 N. W. 676.   In each of those cases the asserted right to recover damages from the municipality was based upon its failure to maintain its streets or highways in a sufficient and safe condition pursuant to its duty so to do.   *Little v. Madison, supra,* involved an exhibition of bears on one of the prominent streets of the city of Madison which caused a team of horses to become frightened, resulting in serious damage to the plaintiff.   The sufficiency of the complaint was sustained.   However, on a subsequent appeal of that case after trial, *Little v. Madison,* 49 Wis. 605, 6 N. W. 249, liability of the city was denied because the city had not licensed the bear show to exhibit on the street, and because the city was not liable for the negligence of its police officers in not suppressing it.   In *Hughes v. Fond du Lac, supra,* the complaint was held good on the ground that the city had permitted a street roller, which was an object naturally calculated to frighten horses,

to be left upon one of its streets. In *Cairncross v. Pewaukee, supra,* it was asserted that a steamboat had been permitted by the village to remain for an unreasonable length of time on one of its streets. In *Jensen v. Oconto Falls, supra,* plaintiff's horse took fright at a galvanized culvert pipe which had been left at the side of the road by the town authorities for about eight days before the accident. The doctrine of those cases is not stated as precisely as it might have been, but it seems to us that the holdings therein (except in the *Little Case*), reasonably considered, were grounded upon the fact or allegation that the municipality had permitted, for an unreasonable length of time, an obstruction to exist upon its highway which rendered the highway insufficient and unsafe for travel. In our opinion, the ruling principle of those cases cannot reasonably be applied to a grader which was being operated upon and along a highway.

In our opinion, this controversy is ruled by the law of negligence. It appears from the allegations of the complaint that at the time of the accident the county was engaged in maintaining State Trunk Highway No. 29, pursuant to its contract or arrangement with the state of Wisconsin. Sec. 84.07 (1).

It is very doubtful whether, under the law as it existed at the time of the accident, a county could be held liable for any act or failure to act, with respect to the maintenance of a state highway. In *Larsen v. Kewaunee County,* 209 Wis. 204, 244 N. W. 578, we held that a county engaged in maintaining a state highway pursuant to an arrangement with the state is not "bound by law to maintain a highway," and therefore no recovery could be had from it. We there specifically called attention to an existing law, which made that conclusion inevitable, but so far as we are presently informed no law has been enacted which makes a county liable to a person who has suffered an injury as a result of its failure properly to maintain a *state* highway.

It is elementary that a county is a governmental arm of the state with limited powers and limited responsibilities. Unless, therefore, a county is made liable by some statute for its acts or failure to act it would seem that there can be no liability.

In both *Stoehr v. Red Springs,* 195 Wis. 399, 216 N. W. 487, 219 N. W. 98, and *Larsen v. Kewaunee County, supra,* it was held that unless liability is imposed upon a municipality by law there is no liability. Compare *Raymond v. Sauk County,* 167 Wis. 125, 166 N. W. 29, and *McCoy v. Kenosha County,* 195 Wis. 273, 218 N. W. 348.

It is well settled in this state that the maintenance of highways is a governmental function. *Stoehr v. Red Springs, supra; De Baere v. Oconto,* 208 Wis. 377, 243 N. W. 221; *Larsen v. Kewaunee County, supra;* and *Lickert v. Harp,* 213 Wis. 614, 252 N. W. 296, although in *Jensen v. Oconto Falls, supra,* it was said, we think inadvertently:

"The duty of maintaining highways in sufficient repair is imposed by statute and is not discretionary *or governmental in its nature.*"

The italicized language just quoted does not correctly state the law, and is now expressly repudiated.

It is also the settled law of this state that a municipality while acting in a governmental capacity or while performing a governmental function is not liable for the negligence of its agents, officers, or servants. *Engel v. Milwaukee,* 158 Wis. 480, 149 N. W. 141; *Apfelbacher v. State,* 160 Wis. 565, 152 N. W. 144; *Erickson v. West Salem,* 205 Wis. 107, 236 N. W. 579; *De Baere v. Oconto, supra; Virovatz v. Cudahy,* 211 Wis. 357, 247 N. W. 341; *Lickert v. Harp, supra.*

Sec. 85.06, sub. (2) (g), provides:

"No tractor, motor truck, road grader, road drag or other piece of road machinery used in road construction or main-

tenance shall be used· upon any public highway in this state which is open to traffic by the public unless such machinery shall carry at least two red danger signals in the daytime and at least two red signal lanterns or lights in the nighttime. Such signals and lights shall be so displayed as to give adequate warning of the presence of such machinery and to show safe clearances for passing vehicles."

That statute is clearly a safety statute. Violation of a safety statute constitutes negligence as a matter of law and gives rise to liability, if causation be established. *Osborne v. Montgomery,* 203 Wis. 223, 234 N. W. 372; *Devine v. Bischel,* 215 Wis. 331, 254 N. W. 521; *Scory v. LaFave,* 215 Wis. 21, 254 N. W. 643; *Langdon v. West Allis,* 216 Wis. 325, 257 N. W. 8.

There can be. no doubt that operating the grader upon State Trunk Highway No. 29 after dark without the required red signal lanterns or lights constituted negligence as a matter of law, but it seems clear that such negligence was that of the employees of the county. Had the grader been so operated by a private person or corporation, we apprehend that no one would assert in a civil action that the operation of the grader without red signal lanterns was not negligence. Driving an automobile at night without proper lights, or without a taillight, or a truck of certain dimensions, without clearance lights, is generally held to be negligence. We perceive no logical basis for denominating such acts negligence when a private person or corporation is involved and not negligence when the employees of a municipality are involved. Without entering into any lengthy discussion as to what constitutes negligence, we are of the opinion that the use of the grader upon the highway after dark, without red signal lanterns or lights, constituted negligence at least on the part of the operator or driver of the grader. For such negligence the county is not liable under the established law.

The result is not to our liking, and we reach it reluctantly. It would seem in these times, when the state and its several municipalities are so extensively engaged in the maintenance of highways, that the legislature, in its wisdom, and inspired by humane and just considerations, should provide some remedy for those who are injured on the highway as a result of the negligence of their respective employees through whom the state and its municipalities necessarily must act.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, without costs, on September 10, 1935.