LEININGER and others, Appellants, vs. PIERCE COUNTY, Respondent.

*December 8, 1937—January 11, 1938.*

*W. G. Haddow* of Ellsworth, for the appellants.

For the respondent there was a brief by *T. A. Waller* of Ellsworth and *White & White* of River Falls, and oral argument by *Ferris M. White.*

FRITZ, J.    The plaintiffs seek, under sec. 88.38, Stats., to recover from Pierce county damages which they sustained by the flooding of their land by surface waters, which accumulated because a culvert under the grade of a federal-state highway was inadequate to afford sufficient drainage. In *Leininger v. County Highway Committee,* 217 Wis. 61, 258 N. W. 368, we held that the damages could not be recovered in condemnation proceedings.    In the present action the court concluded, upon findings which the plaintiffs do not question, that they cannot recover from Pierce county under sec. 88.38, Stats.    That conclusion is challenged by the plaintiffs on this appeal.    For consideration thereof it suffices to note the following facts:

The culvert is under the grade of a federal-state highway, which was relocated and constructed between November 1, 1932, and November 30, 1933, by the state highway commission on land acquired on condemnation by Pierce county under sec. 83.08, Stats.    By resolutions adopted by its county board, that county in October, 1932, also provided for the relocation of the highway; in November, 1933, appropriated

$72,445 for the improvement, drainage, and surfacing there-of; and in November, 1934, appropriated $89,000 for the improvement thereof. However, the county did not in fact construct or maintain the highway or culvert. The plans and contract therefor were prepared by the state highway commission and approved by the secretary of agriculture of the United States. Neither the plans nor the contract were submitted for approval to any officer of Pierce county, and it was not a party to the contract which the state highway commission's representatives executed. Under that contract the latter directed and controlled the construction of the culvert, as well as the highway.

Sec. 88.38, Stats. (so far as pertinent here), provides:

"Whenever any county . . . shall construct and maintain any public highway or road grade . . . across any . . . natural depression over . . . which surface water naturally flows . . . and the stopping of the said flow . . . by said highway or road grade causes any . . . land to be flooded, . . . or otherwise damaged, such county . . . shall construct, provide and at all times maintain . . . sufficient . . . culverts . . . to allow the free and unobstructed flow . . . of said water from said lands, and to prevent said lands from becoming flooded, . . . or otherwise damaged by said water. . . .

"Any county, . . . which shall fail to provide such necessary . . . culverts . . . shall be liable for all damages caused by reason of such failure or neglect."

Subsequent to the enactment of that statute, the legislature enacted secs. 84.06 (1) and 84.07 (1), Stats. 1931, by which the duty of constructing and maintaining highways like the one in question was assumed by the state; and by the following provisions in those sections performance in those respects was delegated to the state highway commission, to wit:

Sec. 84.06 *"Construction.* (1) . . . When the necessary funds are available for any highway improvement,

and the project, statement, plans, and specifications have been prepared by the commission and approved by the secretary of agriculture, bids to do the work contemplated shall be advertised for in the manner determined by the commission, and the job shall be let by the commission. . . . Contracts for all construction performed under this chapter shall be between the state and the contractor, and payments shall be made from time to time by the state treasurer upon estimates and orders of the commission."

Sec. 84.07 *"Maintenance of state trunks.* (1) The state trunk highway system shall be maintained by the state and all the expense of such maintenance shall be borne by the state. The state highway commission shall prescribe regulations and specifications for such maintenance. The commission may arrange with the county highway committee of any county to have the state trunk highways within such county maintained by the county forces. Such maintenance shall include such measures as shall be deemed necessary to keep the state trunk highways open for travel at all seasons, including the removal of snow from the highways and the prevention of snow drifts upon the highways."

In view of those sections, we held in *Larsen v. Kewaunee County,* 209 Wis. 204, 207–210, 244 N. W. 578, that a county was no longer liable under sec. 81.15, Stats., for damages sustained in an automobile accident by reason of a defect due to insufficiency or want of repairs in a state highway, which the state was bound by statute to maintain. We said:

"Prior to the enactment of said ch. 22 [Laws of 1931, enacting secs. 84.06, 84.07, Stats.], as well as at the time of the accident, liability of a county for damages caused by a defective highway was and is imposed by sec. 81.15, Stats. . . .

"The law is clear that it is the statutory duty of the state to maintain state highways. . . . Whether the 1931 legislature intended to abrogate the liability of a county theretofore existing by virtue of sec. 81.15 for injuries resulting from insufficiency or want of repairs of a state highway, is

not clear. Whether the failure of the legislature to amend sec. 81.15 so as to render a county liable for insufficiency or want of repairs of a state highway which it had by contract agreed to maintain and keep in repair, was due to inadvertence or oversight, we cannot say. Whether such failure was deliberate and intentional on the part of the legislature cannot with certainty be determined. By said ch. 22 the legislature did specifically provide that the state trunk highway system shall be maintained by the state and all the expenses of such maintenance shall be borne by the state. . . . It would hardly seem reasonable to place the liability for damages upon a county when the law placed the absolute duty of maintaining the state highways upon the state. It seems doubtful that the legislature would intentionally impose upon a county a liability for the failure of the state to perform its duty in maintaining state highways. In any event the intent of the legislature to create such liability cannot, under all of the circumstances, be spelled out of the laws with that degree of certainty which would justify this court in declaring such legislative intention. . . .

"Unless it can be said that a county which has contracted with the state highway commission to maintain state trunk highways located within its borders is 'by law bound to keep in repair' such highways, we do not see how a county can be held liable for damages caused by the insufficiency or want of repairs of a state highway which the state itself is clearly by law bound to maintain. Sound reason, it seems to us, does not permit such a construction. Due to the uncertainty as to the legislative intent, we cannot say that the legislature intended to place such liability upon counties."

In *Crowley v. Clark County,* 219 Wis. 76, 81, 261 N. W. 221, we followed that decision; and the reasons stated therein for holding that a county is not liable under sec. 81.15, Stats., are likewise applicable to the question as to whether a county can be held liable under sec. 88.38, Stats., because of a failure on the part of the state to construct or maintain an adequate culvert to safely carry off surface water. In view of those reasons, and the fact that there was no duty

on the part of a county in those respects, since secs. 84.06 (1) and 84.07 (1), Stats., vested all such duties in the state highway commission, sec. 88.38, Stats., is not applicable to the culvert in question in so far as Pierce county is concerned. Consequently, the judgment dismissing the complaint must be affirmed.

*By the Court.*—Judgment affirmed.