Hallows, J.
 

 In
 
 Holytz v. Milwaukee
 
 (1962), 17 Wis. (2d) 26, 115 N. W. (2d) 618, this court abolished governmental immunity in tort actions. The present appeal raises the question of the scope and the extent of that decision in its application to counties and state trunk highways. At the outset a question is raised whether the complaint is sufficient to state a cause of action because of the lack of an express allegation of the existence of a contract between Rock county and the state highway commission requiring Rock county to maintain that part of State Trunk Highway 81 within its boundaries. Without such an allegation, sec. 84.07, Stats., would apply to the complaint. This section imposes the duty upon the state of Wisconsin to maintain state trunk highways. Since the duty of a county to keep a state trunk highway in repair can only arise by contract, we hold the allegation of the complaint in respect to the duty of Rock county to keep the state trunk highway within its boundaries in repair is sufficient under the liberal rules of pleading to withstand the challenge of the demurrer.
 

 
 *575
 
 In
 
 Holytz,
 
 we reviewed the doctrine of governmental immunity from torts and pointed out the doctrine was of judicial origin and, therefore, could be withdrawn. The refusal of the court to recognize governmental immunity in the future did not create any causes of action but abrogated the defense of nonliability. In discussing the scope of the abrogation we stated it applied to all public bodies within the state, including counties, and for clarity we added (p. 39), “. . . henceforward, so far as governmental responsibility for torts is concerned, the rule is liability — the exception immunity.” It was pointed out that, “If the legislature deems it better public policy, it is, of course, free to reinstate immunity. The legislature may also impose ceilings on the amount of damages or set up administrative requirements which may be preliminary to the commencement of judicial proceedings for an alleged tort. See, for example, the notice provisions and the limitation of the amount of damages in sec. 81.15, Stats.”
 

 Rock county contends
 
 Holytz
 
 does not affect its immunity from torts in the area of defective state highways even though it has a contractual duty to repair and maintain such highways because secs. 81.15 and 84.07, Stats., constitute an expression of legislative intent granting immunity to the county in respect to state trunk highways. It is contended in this respect the county’s immunity is not of judicial but legislative origin. There is no doubt that at the time of the
 
 Holytz
 
 decision a county had limited liability in respect to damages caused by the insufficiency or want of repair of a highway which the county by law or by agreement with any town, city, or village, was bound to keep in repair and had immunity in respect to state trunk highways. While we find in the legislative history of secs. 81.15 and 84.07 an intent not to remove immunity from counties in respect to state trunk highways which by agreement they undertake to maintain, we find no affirmative granting of such immunity by any legislative action.
 

 
 *576
 
 In 1917 the state legislature created a state trunk highway system by enacting ch. 175, Laws of 1917, and placed upon each county the duty of maintaining the state trunk highways lying within its boundaries. Counties were also made liable for claim for damages due to the insufficiency and lack of repair of such highways. However, in 1931 by sec. 3, ch. 22, Laws of 1931, sec. 84.07 of the statutes was re-created and provided the state trunk highway system should be maintained at state expense, thus shifting the duty of maintaining such highways from the counties to the state. This section also permitted the state highway commission to contract with any county to maintain state trunk highways within its limits and to be reimbursed for such maintenance. Nothing was provided concerning county liability but it follows that in the absence of governmental immunity, either of legislative or judicial origin, a county undertaking by contract to keep a state trunk highway in repair would be liable for its failure to do so.
 

 In
 
 Larsen v. Kewaunee County
 
 (1932), 209 Wis. 204, 244 N. W. 578, relied on by the appellant, it was held that since under sec. 84.07, Stats., a county had no duty to maintain a state trunk highway and although the county had a contract with the state to keep the state trunk highway in repair, the county under sec. 81.15 was not liable for its negligence in failing to keep such highway in repair because it was so bound by contract and not “bound by law.” The court thus recognized that sec. 81.15 did not remove governmental immunity from a county in respect to state trunk highways. This doctrine was followed in
 
 Crowley v. Clark County
 
 (1935), 219 Wis. 76, 261 N. W. 221. In that case the plaintiff was injured while a passenger in a car which collided with a road grader on a state trunk highway which Clark county by contract with the state was required to maintain. After the
 
 Crowley Case,
 
 the legislature amended
 
 *577
 
 sec. 81.15 to provide a county was liable for insufficiency or want of repair of any road which it by agreement with any town, city, or village, was bound to keep in repair, but this amendment did not include a contract between a county and the state. The effect of this omission was raised in
 
 Firemen’s Ins. Co. v. Washburn County
 
 (1957), 2 Wis. (2d) 214, 85 N. W. (2d) 840, wherein it was held this omission indicated the rule of
 
 Larsen
 
 and
 
 Crowley
 
 was not changed and governmental immunity from torts still attached to counties in the area of defective state trunk highways even though it agreed with the state by contract to maintain such highways and keep them in repair.
 

 This legislative history does not as claimed by Rock county reinstate governmental immunity or even preserve such immunity and isolate a county from the effects of the
 
 Holytz
 
 decision. The failure of the legislature to abrogate governmental immunity of counties in respect to defects in state trunk highways which they by contract agreed to maintain did not create any greater preferred standing for counties than the failure of the legislature to abrogate governmental immunities in other tort areas. The immunity contended for by Rock county finds no basis in any affirmative legislation but existed by virtue of judicial creation and was impliedly recognized in the omission or failure of the legislature to abrogate it in whole or in part. The failure of the legislature to act is not tantamount to affirmative action granting an immunity the county already had.
 

 In
 
 Holytz
 
 we contemplated the abrogation of the doctrine of governmental immunity would affect the area covered in sec. 81.15, Stats., and, in fact, pointed out that that section in respect to its notice provisions and limitation of amount of damages would stand and be a limitation upon the right to recover. In
 
 Lang v. Cumberland
 
 (1962), 18 Wis. (2d) 157, 165, 118 N. W. (2d) 114, in explaining the effect of
 
 Holytz
 
 
 *578
 
 in relation to sec. 81.15, we stated, Before
 
 Holytz,
 
 liability of the municipality arose by virtue of sec. 81.15 upon the giving of notice. Since
 
 Holytz,
 
 the liability would exist in the absence of the statute, and the statute is a limitation upon it.” But the only limitations of this section are in respect to notice, the limit of the amount of damages, and the requirement that accumulated snow and ice must be of three-weeks’ duration.
 
 [1]
 

 In deciding
 
 Holytz,
 
 it was no more necessary to expressly overrule the
 
 Larsen, Crowley,
 
 and
 
 Firemen’s Insurance Company Cases
 
 than it was the numerous other cases involving governmental immunity. With the abrogation of the doctrine those cases are no longer applicable to common-law negligence arising from the duty of a municipality or government, which in this case is the duty of Rock county to keep State Trunk Highway 81 in repair.
 

 By the Court.
 
 — Orders affirmed.
 

 [1]
 

 It is to be noted: On February 5, 1963, Bill No. 158, A., was introduced in the state assembly. Its purpose was to reinstate governmental immunity. The assembly on June 24, 1963, by a vote of 56-26 indefinitely postponed consideration of the bill. However, sec. 81.15 was amended by ch. 435, Laws of 1963, to increase the amount of liability from $10,000 to $25,000 and the notice required from thirty to one hundred and twenty days.