JAMES M. LA POINTE, District Attorney, Ozaukee County
You have requested to be advised as to any possible liability the county may have for injuries which might occur on the county fairgrounds during the time some eighteen 4-H Clubs use the facilities under the general supervision of the Ozaukee County 4-H Club agent.
You inquiry does not pose a specific question on a limited set of facts, nor have you provided this office with the benefit of any research you may have done. I will, however, make some general observations.
Although you refer to parks in one portion of your letter, you refer to fairgrounds in another. This response assumes that a county-owned fairground is involved.
Section 59.69 (1) (b), Stats., provides that the county board may grant use of the fairgrounds to agricultural and other societies for agricultural and industrial fairs and exhibitions and for such other purposes as tend to promote the public welfare. It is *Page 219 
without question that a county-owned fairgrounds can be used for county purposes, including activities of groups under the direct supervision of the County University Extension office.
Section 59.87, Stats., provides that a county may establish a "university extension program" in cooperation with the University of Wisconsin which is a land-grant college cooperating with the United States Department of Agriculture in the conduct of cooperative extension programs authorized by act of Congress. Section 59.87 (7), Stats., provides that for purposes of sec.59.15 (2) (d), Stats., the university extension program shall be a department of county government. The county extension director and the county 4-H agent are at least, in part, county employes as well as university employes. They are cooperatively employed.
By reason of sec. 59.87 (6), Stats., the county extension program is required to carry on many functions, including:
"(d) Extension work provided for in an act of congress approved May 8, 1914 (38 Stat. 372) and all acts supplementary thereto.
"(e) Any other extension work authorized by local, state or federal legislation.
"(f) Take any action that will facilitate the accomplishment of any of the functions listed above, including without limitation because of enumeration, the following:
"1. Training of group leaders and the directing of group activities.
"2. Individual or group instruction or consultation.
"3. Demonstration projects, exhibits and other instructional means.
"4. Group workshops, institutes, and conferences."
4-H Club work is a part of the Cooperative Extension Service administered in part by the Federal Extension Service, U.S. Department of Agriculture, in cooperation with the University of Wisconsin, the State of Wisconsin and Ozaukee County. *Page 220 
See 7 U.S.C. sec. 341; 18 U.S.C. sec. 707, 916;5 U.S.C. sec. 301; 7 C.F.R. sec. 8.1, and Bowles v. Hansen Packing Co. (D.C. Mont. 1946), 64 F. Supp. 131, 132.
The members of the clubs would not be county employes, and hence not subject, as the county 4-H agent or other county employe, to any workmen's compensation benefits under ch. 102, Stats., insofar as the county is concerned.
The county would have some exposure as to both employes and frequenters insofar as the safe-place statute is concerned. See ch. 101, Stats.
Since Holytz v. City of Milwaukee (1962), 17 Wis.2d 26,115 N.W.2d 618, there is tort liability as to the state, counties, cities, villages, towns and special districts and by reason of the rule of respondent superior a public body may be held liable for damages for the torts of its officers, agents and employes occurring in the course of the business of such public body. Also see Dunwiddie v. Rock County (1965), 28 Wis.2d 568,137 N.W.2d 388.
Section 895.43, Stats., governs the procedure in regard to actions for tort against political subdivisions and limits the amount of damages which may be recovered.
Counties have a duty to take reasonable steps to insure that county-owned facilities are reasonably safe for employes and users and that employes will conduct themselves and the activities they are responsible for in a reasonably safe manner. However, activities which are authorized by law and necessary to the accomplishment of good government and the promotion or the common welfare should be permitted to continue without undue restriction. The county should review its insurance policies or at least provide some reserve for contingent liability in these areas.
RWW:RJV