JOHN A. LANG, District Attorney Oconto County
You have asked me whether the county veterans' service officer has a duty under sec. 45.43 (5), Stats., to transport disabled veterans to a veterans' hospital when such transportation is not readily available, and whether in transporting such veteran in his privately owned car, the county would be liable to such veteran in an automobile accident.
Section 45.43 (5) and (6), Stats., reads:
 "(5) Duties. The county veterans' service officer shall advise with veterans of all wars residing in the county who were engaged in the service of the United States, relative to any complaint or problem arising out of war service and shall render to them and their dependents all possible assistance. The county board shall provide him with office space, clerical assistance and such other needs as will enable him to perform his duties and may appoint such assistant county service officers as are *Page 208 
necessary, who shall be honorably discharged veterans who served the United States in time of war. The service officer shall make such reports as the board may require.
 "(6) Co-operation. The county veterans service officer shall co-operate with the several federal and state agencies which render services or grant aids or benefits to veterans and their dependents, and shall furnish information relative to the burial places within the state of persons, as required by s. 45.42 (2)."
It is my opinion that the county veterans' service officer may be authorized by the county veterans' service commission and the town board to transport disabled veterans to a veterans' hospital, but in the absence of such authorization has no duty to do so.
The following relevant statutory provisions must also be considered:
 45.10 COUNTY TAX FOR NEEDY VETERANS. Every county board shall annually levy, in addition to all other taxes, a tax sufficient to carry out the purposes of this section, such tax to be levied and collected as other county taxes for the purpose of providing aid to needy veterans, the needy spouses, surviving spouses, minor and dependent children of such veterans and the needy parents of such veterans entitled to aid under ss. 45.10 to 45.15, and to carry out the purposes of ss. 45.16 to 45.185. Aid may not be denied solely on the basis that a person otherwise eligible therefor owns a homestead which the person occupies as such.
 45.11 ESTIMATE OF AMOUNT NEEDED. The county veterans service commission shall estimate the probable amount required under s. 45.10 and shall file such estimate with the county board prior to the adoption of the budget at the November session.
"***
 45.14 COMMISSION, EXAMINATION, AID. Such commission shall meet at the courthouse or at such other place as the county board shall designate on or before the first Monday of January in each year and at such other times as may be necessary. The commission may furnish aid to any person within s. 45.10 if the right of such person to aid shall be established to its satisfaction. The secretary of the commission shall make and deposit with *Page 209 
the county clerk a list containing the name, place of residence and the amount to be paid each such person, which shall be signed by the chairman and secretary. The total disbursements made by the commission shall not exceed the amount collected from the tax levied. When such lists are filed the county clerk shall issue an order upon the county treasurer for the sum designated therein in each case and deliver it to the person entitled thereto. The commission may furnish aid in a different manner than by supplying money. The commission may request the county clerk to issue an order upon the county treasurer to a purveyor of services or commodities for the purchase of such services or commodities or the commission may furnish such supplies as it deems best. The commission shall make a detailed report to the county board at each annual session thereof showing the amount expended."
Chapter 45, Stats., provides two forms of assistance to veterans and their dependents. One form of assistance is financial assistance or services or supplies in lieu of financial assistance. The other form of assistance consists of advice, counseling, information gathering. The kind of assistance which the county veterans' service officer must provide pursuant to sec. 45.43 (5) consists of advice, counseling, information gathering and generally acting as a resource person for veterans and their dependents. It is my opinion that the county veterans' service officer is not authorized to provide financial assistance or its equivalent in the form of services and supplies, including transportation, without specific authorization from the county commission.
Section 45.43 does not grant the county veterans' service officer any authority to make disbursements or to create financial obligations on behalf of the county. Rather, subsec. (5) speaks of advice to veterans. Subsection (6) speaks of cooperation with state and federal agencies which render services or grant aids or benefits to veterans and their dependents. Reading sec. 45.43 as a whole, it supports the view that the county veterans service officer is to act as a resource person for veterans and their dependents.
At the county level, ch. 45 requires each county to annually levy a tax, in addition to all other taxes, to provide aid to needy veterans. This assistance is in addition to any other forms of public assistance veterans may be receiving. The collection or this tax is a mandatory *Page 210 
obligation on the county. 29 Op. Att'y Gen. 240 (1940) and 21 Op. Att'y Gen. 1035 (1932). Section 45.14 permits the county to furnish aid in a different manner than by supplying money by purchasing services.
Under ch. 45 the county must provide aid for veterans. The county must raise the money to pay for this aid. The county is not under an open-ended obligation to provide any and all kinds of assistance to veterans. The county has the authority to determine what kinds of aid it will provide. The county can place a limit on the tax it will levy. The county can in its discretion set aside a portion of its budget for veteran services for transportation. Such decision is within the discretion of the county board. The county veterans' service officer helps execute the veterans' aid program formulated by the county, but he is bound by the budget of the county. If the county does not make outlays for transportation, the county veterans' service officer has no authority to create such an obligation.
Your second question is whether in transporting such veteran in the county veterans' service officer s privately owned automobile, would the county be liable to such veteran in an automobile accident?
If the county veterans' service officer was not authorized to transport the injured veteran in his privately owned automobile, the county would not be liable to such veteran. The county veterans' service officer should provide his own liability coverage if he transports veterans to a veterans hospital without authorization.
But if the county veterans' service officer were authorized to provide the transportation and if the service officer were acting within the scope of his employment when an accident occurred the county would be liable for the service officer's negligence.Holytz v. Milwaukee, 17 Wis.2d 26, 115 N.W.2d 618 (1962);Anderson v. Green Bay Hockey, Inc., 56 Wis.2d 763, 203 N.W.2d 79
(1973); Coffey v. Milwaukee, 74 Wis.2d 526, 247 N.W.2d 132
(1976); and Lange v. Town of Norway, 77 Wis.2d 313,253 N.W.2d 240 (1977). See also, 61 Op. Att'y Gen. 218 (1972)
The county would be liable for the negligence of its servants on a theory of respondeat superior, limited under sec. 895.46
(1), Stats., to judgments in excess of any insurance applicable to this officer. Since the insurance required by sec. 344.33 (2), Stats., must provide coverage in the amount of $15,000 per person, $30,000 per *Page 211 
occurrence for bodily injury or death and $10,000 for property damage, and since sec. 895.43 (3) provides for a $25,000 limit on recovery against a county employe, it would appear that the county's exposure would be effectively limited to $10,000 in the case of a single plaintiff for personal injury, and $15,000 for property damage.
BCL:RGM